Grafton, ⎱
Jan. 7, 1919. ⎰

### DAISY McDONALD, *by her guardian,* ANGUS McDONALD *v.* GEORGE SMITH.

A defendant may waive the objection that an action of slander was begun by trustee-process, when the court has jurisdiction of both the parties and the cause of action.

When a cause of action has been tried without objection to the sufficiency of the pleadings, the court will not investigate their technical accuracy, but any error therein may be corrected by amendment.

CASE, for slander. Trial by jury and verdict for the plaintiff. After the verdict, the defendant moved (1) to dismiss the suit because it was begun by trustee-process, and (2) to arrest the judgment because the declaration does not state a cause of action. Transferred from the January term, 1918, of the superior court by *Marble,* J., on the defendant's exception to the denial of these motions, and (3) to remarks of counsel.

*George W. Pike,* for the plaintiff.

*Fred S. Wright,* for the defendant.

YOUNG, J. 1. If it were true that the court would have dismissed the suit on motion at any time before the trial, it would not follow that this motion should have been granted, for the court had jurisdiction of both the parties and the cause of action, consequently the defendant could legally do what the case finds he did do, waive his right, if he had such a right, to have the suit dismissed.

2. When a cause has been tried without objection to the sufficiency of the pleadings, the court will not take the time necessary to investi-

gate their technical accuracy. "If inaccurate, the error can be corrected by amendment." *Barrett* v. *Cady*, 78 N. H. 60, 65.

3. So much of the remarks excepted to as charged the defendant with "peddling" the slander over Lyman were immediately withdrawn, consequently the question raised by this exception is whether the evidence warranted counsel in asking the jury to find that the defendant was responsible for the slander being "peddled" all over that town. A witness who heard the defendant make the slanderous statement wrote to a man in Lyman about it; and about that time the plaintiff's friends who lived in that town began to avoid her. As there was no other reason for their avoiding her shown, it can be found that they had heard of the slander and avoided her for that reason.

*Exceptions overruled.*

All concurred.