Belknap, }
March 7, 1922. }

## LAKEPORT NATIONAL BANK *v.* CLIFTON LORING & *a.*

Assumpsit for money had and received lies, to recover money loaned, against persons who give the note of a corporation therefor, where the defendants are the parties in interest and the corporation is merely the nominal borrower.

A finding that A is "jointly interested" with B and C "so as to have common and equal legal relations with each of them towards the enterprise" is a finding of fact and equivalent to a finding that all were partners.

Where a case has been fully tried, the sufficiency of the pleadings is immaterial.

The statement of inadmissible and prejudicial facts by a witness is not exceptionable, if such facts were not called for by the questions of counsel and were excluded when made.

ASSUMPSIT, for money had and received. Trial by the court and verdict for the plaintiff. The sums sought to be recovered were loaned by the plaintiff upon notes signed by "the Winnipesaukee Company." The only parties interested were the defendants Loring, McDonald and Yeaton. McDonald made defence and the others were defaulted.

Motions for a nonsuit and for special findings, were denied by *Allen*, J., who allowed a bill of exceptions at the October term, 1918, of the superior court. The facts and evidence are stated in the opinion.

*James W. Remick* and *Felker & Gunnison* (*Mr. Remick* orally), for the plaintiff.

*Everett W. Crawford* (of Massachusetts) and *William J. Britton* (*Mr. Crawford* orally), for McDonald.

PEASLEE, J. The verdict for the plaintiff is sustained by the finding that the corporation, which was the nominal borrower of the money, was merely a device used by the three defendants as a cover for various fraudulent transactions, in all of which the defendants were the parties in interest. It is not seriously contended that a verdict could not be found upon such facts, but it is urged that the evidence does not warrant the findings. As it affirmatively appeared that the corporation had no business organization, that its alleged directors never met, that its capital stock was increased for no legitimate reason and that stock to large amounts was voted to the defendants without any consideration being paid therefor, a finding

that a fraudulent use of the corporate entity had been made is amply supported. That the business was in fact that of the defendants, who made use of the corporate name in transacting it, was testified to several times by Yeaton, who gave details as to how and why this was done, and as to McDonald's participation in or assent to all the transactions. It was manifestly for the trial court to determine whether the evidence was to be believed, and to determine what the real situation was.

It is also claimed that the special finding as to the relation of the parties is not sufficient to charge McDonald. As to him, the finding is "that he was jointly interested with them so as to have common and equal legal relations with each of them towards the enterprise, aside from his additional interest as a creditor, and except that he was not a director so as to subject him to statutory liability under Maine laws on that account." This is objected to as being a mere statement of legal conclusions rather than a finding of facts. The statement that "it is found that he was jointly interested with them" is plainly a finding of fact. "In this case, the jury might be properly instructed that all the defendants were liable if they were 'jointly concerned' in the contract made by one of them with the plaintiffs. The judge need not confine himself to the word 'co-partners;' he may say 'joint principals;' all the defendants were 'joint principals' if they were 'jointly concerned' in the contract as the parties to it on one side." *Eastman* v. *Clark*, 53 N. H. 276, 298. If they were jointly concerned, it is matter of law that they were partners. Whether they were jointly concerned is matter of fact, to be found by the trier of the facts. The finding made is the same in legal effect as a finding that McDonald was a partner. *Burke* v. *Railroad*, 61 N. H. 160, 243; *Farnum* v. *Patch*, 60 N. H. 294, 326; *Mason* v. *Gibson*, 73 N. H. 190.

The further claim advanced at the argument that the court should review the findings and determine whether they should have been made, is based upon an erroneous theory of the limitations upon the jurisdiction of the supreme and superior courts. It is not necessary to cite cases to the proposition that the superior court has final and exclusive jurisdiction of all questions of fact arising in proceedings therein.

As the verdict is sustained upon the grounds above indicated, it is not necessary to consider the questions which have been argued touching the legal existence of the corporation.

Exceptions were also taken to certain testimony of Yeaton and

Loring. Yeaton testified, when inquired of as to his own liability, "I admit the individual liability of all three of us, myself, Mr. McDonald, and Mr. Loring." The answer being stricken from the case, he again answered admitting his own liability. He was then asked if there were any facts that would make McDonald's liability different from his own, and replied that there were none. The evidence is objected to upon the ground that it permitted the admissions of one defendant, made after their dealings were closed, to be used as evidence against his co-defendant. The difficulty with the position taken is that evidence of the kind objected to was excluded by the presiding justice. Although the witnesses were evidently hostile to McDonald, and attempted to state inadmissible facts prejudicial to him, such statements were not called for by the questions of counsel, and were excluded by the court when volunteered. Yeaton had testified fully before these questions were asked, and was merely allowed to state his own admission of liability, and to swear that there were no facts in existence which would excuse McDonald. It was in effect an assertion that he had told all the facts in the case.

The testimony of Loring, as finally limited, applied only to the question of his own liability. Whatever he attempted to inject as to the liability of McDonald was excluded.

The exception to all evidence as to transactions between the defendants and the company upon the ground of immateriality, appears to be based upon a claim that under the pleadings a case like that presented could not be maintained. The case having been fully tried, the sufficiency of the pleadings is here immaterial. *McDonald v. Smith*, 79 N. H. 143. But it may be added that in this case the claim set up by the plaintiff is one provable under a count for money had and received. The action is an equitable one. It lies to recover money which has come into the defendant's hands, and which he ought in equity and good conscience to pay to the plaintiff. *Redington Hub Co. v. Putnam*, 76 N. H. 336, and cases cited.

*Exceptions overruled.*

All concurred.