Carroll,
No. 5302.

L. Winston Hamm, *Adm'r v.* Rena E. Piper *& a.*

Submitted January 8, 1965.
Decided February 26, 1965.

*James J. Kalled*, for the plaintiff.

*Eliot U. Wyman*, for the defendant.

Per curiam. This bill in equity was before the court in June 1964, when it was held that an order of dismissal in the nature

of a nonsuit was properly entered as to the claim that the conveyance by the husband of the plaintiff's intestate, Ethel, "was made for the fraudulent purpose of defeating Ethel's rights under RSA 560:10 and 11." *Hamm* v. *Piper*, 105 N. H. 418, 421. The plaintiff's exception to the order was sustained, however, as to his claim that the conveyance was fraudulently made for the purpose of depriving Ethel of her dower right. *Id.*

Thereafter the plaintiff moved in the Superior Court for a "new trial" on all issues upon the theory that the order of dismissal entered at the former trial deprived him of an opportunity to establish a prima facie case by cross-examination of witnesses which might otherwise have been called by the defendant. The defendant then moved that the trial be limited to the issue of "intent to deprive the plaintiff's intestate of her dower rights."

The Court (*Griffith*, J.) denied the plaintiff's motion and granted the defendant's motion, "on the ground that the Supreme Court opinion in this case in effect constitutes a nonsuit on all issues except the issue stated in the defendant's motion." All questions raised by the plaintiff's exceptions to this order were reserved and transferred.

The plaintiff's motion was properly denied. While evidence necessary to a plaintiff's case may be supplied after erroneous denial of a nonsuit, and thus preclude a directed verdict founded upon deficiencies in the plaintiff's evidence (*Gagnon* v. *Dana*, 69 N. H. 264, 268), it obviously does not follow that a plaintiff is entitled to a new trial because an order of dismissal, properly entered, has deprived him of an opportunity to cross-examine witnesses which the defendant might or might not have called had the motion been erroneously denied. The plaintiff's exceptions are overruled.

The defendant's brief properly supports the ruling of the Trial Court. It further suggests that the bill now be dismissed upon the assumption, contrary to our prior holding, that the plaintiff's intestate became entitled to dower upon her husband's decease (*cf.* 2 Tiffany, Real Property (3d *ed.*) s. 533, *p.* 422; *Thayer* v. *Thayer*, 14 Vt. 107), and that she thereafter released it under RSA 560:11. "A question of law once decided in a cause is not reexamined in the same case except upon a motion for rehearing." *Tucker* v. *Lowe*, 79 N. H. 259, 260. See also, *Derosier* v. *Company*, 82 N. H. 405, 407. This is particularly so where the issue is not transferred.

*Exceptions overruled.*