Rockingham
No. 6655

NORTH AMERICAN MANUFACTURING, INC.

v.

CROWN INTERNATIONAL, INC. & a.

VILLAGE FORGE, INC. & a.

v.

SAME

March 31, 1975

*Shute, Engel & Frasier* and *Robert L. Steuk (Mr. Steuk* orally) for the plaintiffs.

*Taylor, Gray & Sullivan* and *William J. Hurley, Jr. (Mr. Hurley* orally), for the defendants.

LAMPRON, J. The sole issue to be decided is whether under RSA 447:12-a (Supp. 1973), effective August 30, 1971, plaintiffs' mechanics liens for labor and materials perfected on June 16 and July 7, 1972, have precedence over defendants' building loan agreement and trust-mortgage covering the premises in question which were executed on February 10, 1971, and the mortgage recorded on February 12, 1971. This question of law was reserved and transferred, on an agreed statement of facts of the parties concerned, by *King*, J., in advance of ruling on defendants' motions to dismiss plaintiffs' actions.

Plaintiffs, North American Manufacturing, Inc., Village Forge,

Inc., and A. A. Welding, Inc., were principal contractors in the construction in Portsmouth by the defendant, Crown International, Inc., general contractor of a multistory elderly housing apartment building under a "turn-key" arrangement with the Portsmouth Housing Authority. On February 10, 1971, Crown, holder of the legal title to the premises entered into a building loan agreement with defendant Sackman-Gilliland Corporation in the amount of $2,000,000. Of this amount $350,000 was a land loan, and the remaining $1,650,000 was a construction loan which Sackman agreed to disburse at certain stages of construction in a manner detailed in the agreement. This loan agreement was secured by a deed of trust executed by Crown to Douglas R. Gray as trustee for the benefit of Sackman. This deed was duly recorded in the registry of deeds for the county of Rockingham on February 12, 1971. Disbursements were made by Sackman to Crown after the effective date of RSA 447:12-a (Supp. 1973), which was August 30, 1971. On June 30, 1972, Sackman foreclosed on its trust-mortgage. It was the highest bidder and the purchaser at the foreclosure sale.

By writs dated June 16 and July 7, 1972, plaintiffs brought actions against Crown to recover for labor and materials furnished to it and specially attached the premises held in trust by Douglas R. Gray to secure mechanics liens under RSA 447:10. Plaintiffs obtained default judgments against Crown. Defendant Gray moved to dismiss plaintiffs' actions against him as trustee for Sackman and against defendant Sackman itself.

Laws 1971, ch. 462, now RSA 447:12-a (Supp. 1973), established a new "precedence and priority" of attachments to secure mechanics liens over a construction mortgage, with certain exceptions not material in this case. It defines a construction mortgage as "any mortgage loan made for the purpose of financing the construction, repair or alteration of any structure on the mortgage premises where the lien secured by such attachment arises from the same construction, repair or alteration work." Defendants take the position that the legislature did not intend this new section to apply to construction mortgages recorded prior to its effective date, August 30, 1971. They maintain that a retroactive application would constitute an unconstitutional impairment of substantial vested rights previously obtained under their contract, thus violating the provisions of N.H. CONST. pt. I, art. 23. Plaintiffs, on the contrary, argue that this would not constitute an unconstitutional retroactivity

since it would merely affect the remedy for effectuating their previously granted mechanics liens rights while leaving the defendants' substantive rights unabridged.

This court has recently reiterated the long-established rule of this jurisdiction regarding what constitutes a retroactive law which violates article 23, part I of our State constitution. "'[E]very statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past' . . . is such a law." *Estate of Kennett v. State*, 115 N.H. 50, 333 A.2d 452 (1975).

On February 12, 1971, when the $2,000,000 trust-mortgage deed for the benefit of Sackman was recorded, the New Hampshire law was well settled with regard to Sackman's rights vis-a-vis mechanics liens of materialmen, and others, secured under RSA ch. 447. Advancement of funds by a construction loan mortgagee under a mortgage given to secure obligatory future advances to the mortgagor, as was the present agreement, had priority over mechanics liens even though some of the advances were made after the mechanics liens attached. *Peaslee v. Evans*, 82 N.H. 313, 133 A. 448 (1926); *Earnshaw v. First Fed. Savings &c. Ass'n*, 109 N.H. 283, 249 A.2d 675 (1969). If RSA 447:12-a (Supp. 1973), which became effective six months after the construction loan agreement and mortgage in this case were entered into, were to be applied retroactively it would change the priority of construction mortgages over mechanics liens existing at the time of the contracts to one in favor of the latter liens. This loss by the defendants of a priority which it enjoyed when it made the loan would constitute more than a mere procedural change similar to that in *New England Culvert Co. v. Williams Construction Co.*, 105 N.H. 235, 196 A.2d 713 (1963), as contended by the plaintiffs. The result would be to take away or impair "'vested rights, acquired [by the defendants] under existing laws.'" *Pepin v. Beaulieu*, 102 N.H. 84, 89, 151 A.2d 230, 235 (1959); *State v. Vashaw*, 113 N.H. 636, 312 A.2d 692 (1973); 2 J. Sutherland, Statutory Construction § 41.06, at 269 (4th ed. C. Sands 1972, Supp. 1974).

In such a situation it is presumed that the legislature intended RSA 447:12-a (Supp. 1973) to be applied prospectively only so as not to affect vested rights. *Sibson v. State*, 110 N.H. 8, 11, 259 A.2d 397, 400 (1969); *Mihoy v. Proulx*, 113 N.H. 698, 700-01, 313 A.2d 723, 725 (1973); 1A J. Sutherland, Statutory Construction

§ 22.36 (4th ed. C. Sands 1972, Supp. 1974). There is nothing in its legislative history or its terms to indicate a contrary intent. *See Pepin v. Beaulieu,* 102 N.H. 84, 89, 151 A.2d 230, 235 (1959); 73 Am. Jur. 2d *Statutes* § 350 (1974). Consequently the answer to the transferred question is "No", this amendment to RSA ch. 447 does not apply to the defendants' building loan and trust-mortgage agreements in effect prior to its effective date of August 30, 1971.

*Remanded.*

All concurred.