Strafford
No. 78-056

ELIZABETH B. SYMMES

v.

ALAN W. SYMMES

June 27, 1978

*Brown & Fitzpatrick*, of Portsmouth, by brief for the plaintiff.

*Barrett & McNeill*, of Durham (*Malcolm R. McNeill* orally), for the defendant.

PER CURIAM. The questions in this divorce case are whether the court abused its discretion in increasing the alimony payments to the plaintiff and erred in admitting evidence of the income of the defendant's present wife.

The parties were married in 1954; one child was born to them in 1956. They were separated in 1961, and in 1966 Alan obtained a divorce in Massachusetts. Elizabeth was awarded custody of the

child, and Alan was ordered to pay $60 per week for the child's support. In 1967, the order was modified, and Alan was ordered to pay $50 per week child support and $65 per week alimony. In 1969 these amounts were both increased to $75 per week. In 1972 the Massachusetts court rendered its most recent order, which kept the child support at $75 per week but reduced the alimony to $50 per week.

In August 1976 the foreign support order was registered in Strafford County Superior Court in this State pursuant to RSA 546:37, :38, and the order was confirmed in September 1976.

Elizabeth filed a contempt petition and request for modification of the order. After hearing, the Master, *Robert A. Carignan*, Esq., recommended that the alimony award be increased to $100 per week until Elizabeth, then 61, receives Social Security and thereafter be reduced to $75 per week. The recommendation was approved by *Mullavey*, J., who transferred Alan's exceptions.

The master found that the plaintiff was unemployed and had been unable to secure employment due to her physical condition and age. He also found that plaintiff was in need of the increased alimony and that defendant was financially able to pay it.

Defendant is and has been self-employed selling giftware to department stores and gift shops. In 1972 he had a gross income of over $93,000 and a net before taxes of over $49,000. In 1973 it was over $77,000 gross and over $21,000 net; in 1974 it was over $97,000 and over $32,000; in 1975 it was over $102,000 and over $22,000; and in 1976 over $74,000 and between $10,000 and $12,000. He claims the reduction in net income is due to increased expenses and loss of two major accounts.

During this period, Alan's present wife, who is also in the selling business, had a steady rise in gross income from just under $7,000 to just under $35,000 with expenses in 1972 of $2,314 increasing to $3,642 in 1974 and $3,403 in 1976. During this same period Alan's expenses increased from over $43,000 to over $91,000.

The master found that Alan and his present wife are in a joint business venture and that all the expenses are charged to him in order to limit the amount of income he earns from the business. This finding is supported by the evidence and therefore must stand. The evidence also supports the finding that defendant is able to pay the alimony ordered.

Plaintiff resides in New Canaan, Connecticut, paying about $400 a month rent. She testified that she had been employed in per-

sonnel work at $150 per week but that she was at the time of hearing unemployed and drawing $74 per week unemployment compensation. She claims, and the court found, that because of her physical condition and age, she was unable to secure employment. Although defendant contends that she should seek a less expensive place to live, we cannot say that under all the circumstances the court could not find that she was in need of the alimony it ordered.

■ The needs of a wife are not limited to the barest necessities, and the standard of living enjoyed by her at the time of divorce is to be given consideration. *Healey v. Healey*, 117 N.H. 618, 376 A.2d 140 (1977).

■ We have repeatedly stated that matters of support and alimony are for the trial court to determine in the exercise of its sound discretion unrestricted by fixed formulas and guidelines. *Economides v. Economides*, 116 N.H. 191, 357 A.2d 871 (1976). Appeals to this court will not be successful absent a showing that there has been an abuse of that discretion, *Madsen v. Madsen*, 109 N.H. 457, 255 A.2d 604 (1969). There is no such showing in this case.

■ Admission of evidence showing the income of defendant's present wife was not improper under the circumstances of this case. The evidence showed a steady increase in her net income during the period that there was a decline in Alan's income due in large part to increases in expenses. The claim was made and the court found that she and Alan were engaged in a joint business venture and that he was charging expenses to himself in order to limit his net income from the business. The evidence was admissible, therefore, as bearing on defendant's actual income.

*Exceptions overruled.*

BROCK, J., did not sit; DOUGLAS, J., dissented; the others concurred.

DOUGLAS, J., dissenting: Because I find an abuse of discretion by the master, I dissent. Twelve years of alimony for seven years of marital cohabitation is enough. Alimony or support is not meant to be a " 'lifetime profit-sharing plan' for the wife." *Calderwood v. Calderwood*, 114 N.H. 651, 653, 327 A.2d 704, 706 (1974).