Concord District Court
No. 79-099

JOSEPH W. GELDHOF

v.

PENWOOD ASSOCIATES

October 12, 1979

*Joseph W. Geldhof*, of Concord, pro se.

*Jill Garber* and *Bruce E. Friedman*, of Concord (*Mr. Friedman* orally), filed brief for amicus curiae Franklin Pierce Law Center Family and Housing Law Clinic.

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether RSA 477:48 (Supp. 1977), which requires landlords to pay interest on security deposits, affects deposits tendered under lease agreements executed prior to the effective date of the statute. We hold that it does not.

Mr. and Mrs. Joseph Geldhof rented an apartment from Penwood Associates, Inc., on September 11, 1976. The parties executed a lease under which the tenant gave the landlord $140 as a security deposit. The lease did not mention interest. On September 13, 1977, the legislature enacted RSA 477:48 (Supp. 1977). Eight months later the parties terminated the tenancy and Penwood, after deducting certain sums from the deposit, and without calculating any interest, returned the remainder to the Geldhofs. Mr. Geldhof then brought an action in Concord District Court to recover the interest accumulated between the effective date of RSA 477:48 (Supp. 1977) and the end of the lease, and for other relief not germane to this appeal. The District Court (*Waters*, S.J.) ruled that the landlord's failure to pay interest violated the statute, and Penwood appealed.

■ The New Hampshire Constitution states: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." N.H. CONST. pt. 1, art. 23. The Geldhofs take the position that RSA 477:48 (Supp. 1977) may be applied to a lease contract made before the statute's effective date without violating our constitution. We disagree. In this jurisdiction, the question whether the application of a law violates part I, article 23 of our State constitution is resolved according to an often-stated principle, first articulated by this court in 1826. A statute is retrospective if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions already past...." *North American Manufacturing Co. v. Crown Int'l Inc.*, 115 N.H. 114, 116, 335 A.2d 660, 662 (1975); *Woart v. Winnick*, 3 N.H. 473, 479 (1826).

■ The lease in question in this case, signed in 1976, created a one-year term which was automatically renewed in the absence of a termination notice. Because the tenancy continued, Penwood had no duty to calculate and pay interest on the Geldhofs' security deposit. To impose such a duty prior to the expiration of the tenancy would be to create "a new obligation . . . in respect to [a] transaction . . . already past." Under our constitution, no such retrospective duty may be imposed.

We thus reaffirm the principle that when corporations or citizens lawfully contract to exchange rights and obligations, they may have confidence that those rights and obligations will not subsequently be disturbed by the legislature. Under the Federal Constitution, "[n]o state shall . . . pass any . . . law impairing the obligation of contracts . . ." U.S. CONST. art. I, § 10, cl. 1. The Supreme Court has recently noted that "the Contract Clause remains part of the constitution. It is not a dead letter." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241 (1978); *Kimball v. New Hampshire Bd. of Accountancy*, 118 N.H. 567, 569, 391 A.2d 888, 890 (1978).

In the present case, the parties had a right to rely on the rights and duties created in their lease agreement.

*Exceptions sustained.*

GRIMES, J., did not sit; the others concurred.