Rockingham
No. 79-148

RONALD E. EDIN

v.

LILLIAN B. EDIN

October 24, 1979

*Fisher, Parsons, Moran & Temple,* of Dover (*Stephen A. White* orally), for the plaintiff.

*Thomas M. Keane,* of Portsmouth, by brief and orally, for the defendant.

MEMORANDUM OPINION

The parties to this action were divorced in February 1974. In accordance with a stipulation incorporated in the decree, the plaintiff was ordered to pay the defendant $100 per week for the support of the four minor children, "said support shall be continued ... until the age of twenty-one."

In 1978 Lillian filed a petition to increase the support payments alleging, *inter alia,* that Ronald had unilaterally reduced payments to $50 per week. After a hearing, the Master (*Nicholas G. Copadis,* Esq.) recommended that payments be continued at $100 per week but that $25 of that payment be made directly to one child, a college student residing away from home. A decree was entered in accordance with this recommendation by *Mullavey,* J.

The plaintiff then moved to set aside the decree on the basis that payments should be reduced because one of the children living with his mother was self-supporting and that a daughter had been living with him but was now in college. On the master's recommendation, the motion was denied by *Randall,* J., who transferred the plaintiff's exceptions.

The court was correct in ruling that the original decree did not provide for any reduction in support due to employment of a child under the age of twenty-one years. There being no transcript of the

evidence before the master, we cannot say that there was any abuse of discretion in the failure to reduce payments by modification based on changed circumstances. *Cotter v. Cotter,* 119 N.H. 426, 402 A.2d 198 (1979); *Greenglass v. Greenglass,* 118 N.H. 570, 391 A.2d 890 (1978). Even accepting as true the allegations of the plaintiff's motion to set aside the decree, modification would not be compelled.

*Exceptions overruled.*