Rockingham
No. 79-139

## Charles L. Thayer

v.

## Elizabeth W. Thayer

December 12, 1979

*Cooper, Hall & Walker*, of Rochester (*Peter A. Handy* orally), for the plaintiff.

*Boynton, Waldron, Dill & Aeschliman*, of Portsmouth (*Nicholas R. Aeschliman* orally), for the defendant.

BOIS, J. The issue in this divorce case is whether the trial court may consider contributions to pension and profit-sharing plans, fringe benefits, and reimbursements of business expenses by a professional corporation in determining one's ability to pay alimony and child support. We hold that contributions to pension and profit-sharing plans and fringe benefits may be considered, but that reimbursable business expenses may not.

This action arises from cross petitions by plaintiff and defendant for divorce on grounds of irreconcilable differences. A hearing was held before a Master (*Nicholas G. Copadis*, Esq.) whose recommendations were approved by the Trial Court (*Bean*, J.). Plaintiff excepted to parts of the court's decree and moved for rehearing. Defendant moved to clarify the decree. Another hearing was held, and the master made further recommendations, most of which were approved by the Trial Court (*Mullavey*, J.). Plaintiff seasonably excepted to various findings and rulings by the court. We overrule plaintiff's exceptions.

Plaintiff and defendant were married in 1958 and have four children. Plaintiff is a surgeon and has been the sole source of financial support for the family. He has been practicing in Portsmouth since 1958, and operates his practice as a professional association in which he is the only doctor. Plaintiff receives various benefits as an employee of the professional association, including contributions to a pension and profit-sharing plan, payment of medical expenses, dental expenses, Blue Cross-Blue Shield, health insurance, life insurance, and business expenses.

The first issue is whether the $13,175 in professional association contributions to pension and profit-sharing plans was properly considered in determining plaintiff's ability to pay alimony and child support.

A relevant factor in determining the award of alimony and child support is the income of the parties. *See Ames v. Ames*, 117 N.H.

554, 555, 374 A.2d 1181 (1977); *Calderwood v. Calderwood,* 114 N.H. 651, 653, 327 A.2d 704, 706 (1974). Although the contributions at issue were not disposable income out of which plaintiff could pay alimony once they became part of the pension and profit-sharing plan, plaintiff controlled the professional association and had the option of electing to receive the contributions in the form of salary. Because he exercised control over the method of receipt and disbursement of these monies, we cannot say as a matter of law that the court abused its discretion in considering the contributions as part of plaintiff's net income. Matters of support and alimony are within the sound discretion of the trial court unrestricted by fixed formulas and guidelines, and the court's determinations will not be set aside absent a showing of a clear abuse of discretion. *Symmes v. Symmes,* 118 N.H. 488, 490, 387 A.2d 1181, 1182 (1978); *Grandmaison v. Grandmaison,* 119 N.H. 268, 270, 401 A.2d 1057, 1058–59 (1979). Because neither party disputes the distribution of property by the master, we do not reach the issue of whether a retirement plan is a property interest subject to division upon divorce. *See generally* Foster and Freed, *Spousal Rights in Retirement and Pension Benefits,* 16 JOUR. FAM. LAW 187 (1977–78).

■ The next issue is whether certain expenses paid by the professional association in the form of fringe benefits were properly attributed to plaintiff's net income. The expenses include $898 for life insurance, $1,273.13 for health insurance, $511.98 for Blue Cross-Blue Shield, $450 for medical expenses, and $124 for dental expenses. These benefits are a form of enrichment which indirectly bear upon plaintiff's ability to pay alimony and child support. They represent compensation for personal expenditures which plaintiff would otherwise be required to pay from his salary. Accordingly, we find no abuse of discretion. *See Symmes v. Symmes,* 118 N.H. 488, 387 A.2d 1181 (1978).

The final issue is whether the court erred in finding that in 1977, plaintiff's professional association paid for 80% of his auto expenses, the total auto expenses being $2,864, and for travel expense of $465.

■ Reimbursements for business and travel expenses by one's professional association or employer should not be considered by the court in determining one's ability to pay alimony and child support. Unlike personal living expenditures, business and travel expenses are costs incurred by the taxpayer in earning gross income, and reimbursements therefor are not properly considered as part of his net accession to wealth. However, we cannot say that the court erred as a matter of law in its finding. The figures themselves are not in

dispute, and the record does not indicate that the court considered those sums in arriving at plaintiff's net income or ability to pay alimony. Because the record discloses sufficient evidence to support its findings, and they cannot be said to be erroneous, we find no abuse of discretion. *Beaudoin v. Beaudoin*, 118 N.H. 325, 327, 386 A.2d 1261, 1263 (1978); *Erin Food Services, Inc. v. 688 Properties*, 119 N.H. 232, 401 A.2d 201, 204 (1979). Furthermore, even if it was clear that the court erred in this matter, the relatively small size of the expenditures at issue would be de minimis and would not constitute reversible error considering plaintiff's substantial annual income. *See* 5 AM. JUR. 2d *Appeal and Error* § 790 (1962). *See also Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 354, 402 A.2d 626. 640–41 (1979).

*Exceptions overruled.*

GRIMES, C.J. and KING, J., did not sit; the others concurred.