Merrimack
No. 79-166

ANITA R. PAINE

v.

WALTER R. PAINE

December 12, 1979

*McSwiney, Jones & Semple*, of Concord (*Carroll F. Jones* orally), for the plaintiff.

*Charles E. Dibble*, of Contoocook, by brief and orally, for the defendant.

PER CURIAM. The issue in this divorce matter is whether the evidence supports the trial court's order requiring continued alimony payments until October 1, 1979. We uphold the trial court.

The parties were divorced on May 6, 1975, after thirty-two years of marriage. By decree of the court and in accordance with a stipulation, the defendant was ordered to pay alimony of $100 per week. The order was later modified, gearing alimony to the defendant's taxable income. Payments were to range from a minimum of $50 per week until the defendant's annual taxable income reached $10,000, to a maximum of $100 when it reached $14,000. There being no minor children involved, the order terminated under RSA 458:19 upon the third anniversary of the original decree. In May 1978, the plaintiff filed a petition to renew alimony. The matter was heard by a Master (*Peter J. Bourque*, Esq.) who recommended that weekly payments of $50 continue until October 1, 1978. His recommendation was approved by the Court (*DiClerico*, J.) on July 21, 1978.

Thereafter, the decree was set aside on the defendant's motion and all weekly payments were ordered held in escrow pending a hearing. The matter was then heard by another Master (*Robert A. Carignan*, Esq.) who, after finding certain facts, recommended that payments of $50 per week continue until October 1, 1979. A decree was entered accordingly by *Batchelder*, J., on November 2, 1978.

The defendant filed a proposed reserved case which was rejected on the grounds that it contained statements contrary to the evidence. After a hearing, however, the reserved case was transferred by *Johnson*, J., upon the posting of a $500 bond by the defendant.

We have repeatedly stated that in matters of support and alimony, the trial court exercises a broad discretion. *E.g., Symmes v. Symmes*, 118 N.H. 488, 387 A.2d 1181 (1978); *Economides v. Economides*, 116 N.H. 191, 357 A.2d 871 (1976). Thus, the master's determination, adopted by the trial court, that alimony continue until October 1, 1979, may not be disturbed absent a clear abuse of discretion. *See, e.g., Grandmaison v. Grandmaison*, 119 N.H. 268, 401 A.2d 1057 (1979); *Madsen v. Madsen*, 109 N.H. 457, 255 A.2d 604 (1979).

Moreover, the burden of upsetting the trial court's determination regarding the extension of alimony is heightened where, as here, there is no transcript. *Edin v. Edin*, 119 N.H. 783, 407 A.2d 828 (1979); *Cotter v. Cotter*, 119 N.H. 426, 402 A.2d 198 (1979); *McCrady v. Mahon*, 117 N.H. 762, 378 A.2d 1143 (1977). Absent a transcript, the issue of sufficiency of the evidence to support the decree cannot be raised and the only question before us is whether errors of law appear in the record. *McCrady v. Mahon*, 117 N.H. at 762-63, 378 A.2d at 114. *See also Hunneyman v. Hunneyman*, 118 N.H. 652, 392 A.2d 147 (1978).

The defendant claims that the plaintiff had the burden of proving not only her need for continued alimony but also the defendant's ability to pay, and that because she failed to introduce any evidence on the latter issue her petition should have been dismissed. *See Economides v. Economides*, 116 N.H. 191, 357 A.2d 871 (1976); *Calderwood v. Calderwood*, 114 N.H. 651, 327 A.2d 704 (1974). In *Calderwood*, this court acknowledged that in a proceeding to extend an alimony order under RSA 458:19 the spouse seeking the extension had the burden of establishing the other spouse's ability to continue payment. 114 N.H. at 653, 327 A.2d at 706.

We learned at oral argument, however, that following the motion to dismiss for lack of evidence the defendant took the stand and

testified concerning his ability to pay. Without a transcript, we cannot say that there was not sufficient evidence supplied by this testimony to support the court's order, thereby curing any possible defect. *Sperl v. Sperl*, 119 N.H. 818, 408 A.2d 422 (1979); 88 C.J.S. *Trial* § 116 (1955); *Gagnon v. Dana*, 69 N.H. 264, 39 A. 982 (1897); *cf. Hamm v. Piper*, 106 N.H. 174, 207 A.2d 437 (1965). Moreover, in the absence of a transcript, we will presume that the evidence supports the decree. *See, e.g., Adams v. Adams*, 117 N.H. 43, 369 A.2d 196 (1977).

Defendant further argues that given the master's findings that plaintiff's income and living standards were normal, it was error to continue the payments. However, the master found that the plaintiff had become dependent on the alimony and that her expenses were greater living in the city than if she were residing in New Hampshire. It was well within his discretion to extend the alimony for one year to allow her to make adjustments in her standard of living.

Finally, plaintiff urges us to find the appeal frivolous and award double the costs of appeal plus interest. RSA 490:14-a (Supp. 1977). Considering the record as a whole, we do not find the appeal frivolous.

*Exceptions overruled.*