Hillsborough
No. 80-316

SEXTON MOTORS, INC. & a.

v.

RENAULT NORTHEAST, INC.

June 10, 1981

*Devine, Millimet, Stahl & Branch,* of Manchester (*John T. Broderick, Jr.,* on the brief and orally), for Sexton Motors, Inc.

*Prunier, Mazerolle & Frasca P.A.,* of Nashua (*Gerald R. Prunier* on the brief and orally), for Colonial Imports Corp.

*Keefe & Keefe,* of Wilton (*John M. Keefe* on the brief and orally), for the defendant.

KING, J. The plaintiffs, Sexton Motors, Inc., and Colonial Imports Corp., both automobile dealers in Nashua, brought suit seeking injunctive relief and damages against the defendant, Renault Northeast, Inc., a distributor of Renault automobiles. The plaintiffs alleged *inter alia* that the defendant had violated RSA ch. 357-B (Supp. 1979), which regulates business practices between motor vehicle manufacturers, distributors, and dealers, and that the defendant also had breached an agreement to repurchase certain automobile parts from Sexton Motors' inventory. The defendant appeals from a judgment in favor of plaintiff Sexton Motors in the amount of $12,500.00 for violation of RSA ch. 357-B (Supp. 1979) and $22,592.41, subject to the return of the parts to the defendant, for its breach of the agreement to repurchase the parts. Finding no error, we affirm.

Sexton Motors was a franchised dealer of Renault, Fiat, Lancia, and Peugeot automobiles. Although Renault automobiles have not enjoyed the widespread acceptance in the United States that some other foreign-made automobiles have, Sexton Motors had a successful record of sales and, in some years, sold more Renault automobiles than any dealer in the Northeast. After experiencing some financial difficulties, however, in 1977 Sexton Motors began attempts to sell its business.

On January 15, 1978, Sexton Motors and Colonial Imports executed a purchase and sale agreement. According to the terms of the agreement, Sexton Motors would transfer all of its cars, inventory of parts, and equipment to Colonial Imports for a specified price. Sexton Motors was to arrange for the transfer to Colonial Imports of its franchise agreements with the four manufacturers. The agreement provided that Colonial Imports would not be obligated to honor the agreement if it did not receive the franchises.

Fiat, Lancia, and Peugeot quickly transferred the franchise rights to Colonial Imports, but Renault refused.

On January 26, 1978, Renault's general manager visited Colonial Imports to discuss Colonial Import's application for a franchise but refused to approve the transfer of the Renault franchise from Sexton Motors to Colonial Imports. Renault's main objection to transferring the franchise to Colonial Imports was apparently that Colonial Imports was a multi-franchise dealer. Because the franchise agreement between Sexton Motors and Renault specified that Sexton Motors could not assign the franchise rights without the prior written approval of Renault, Sexton Motors could not honor its agreement with Colonial Imports.

Under the franchise agreement between Sexton Motors and Renault, in the event of termination of the agreement, Renault was obligated to repurchase from Sexton Motors' inventory only Renault parts that had been purchased within six months prior to the termination. Notwithstanding this provision, Renault informed Sexton Motors by letter dated April 19, 1978, that Renault would repurchase Sexton Motors' entire inventory for $22,592.41.

In May 1978, Sexton Motors and Colonial Imports proceeded to close the purchase and sale agreement with respect to the other franchises. Sexton Motors also transferred to Colonial Imports the Renault parts, although the record before us does not indicate precisely when this occurred. The parties reduced the purchase price and placed $12,000.00 in an escrow account. Under the terms of the escrow agreement, Sexton Motors was to receive the escrow fund if Colonial Imports received the Renault franchise by the end of 1978. Renault continued to refuse to transfer the franchise to Colonial Imports, and the escrow fund eventually was paid to Colonial Imports. By the summer of 1979, however, Colonial Imports obtained a Renault franchise from American Motors Corporation, which was by then responsible for awarding Renault franchises.

On July 21, 1978, Sexton Motors and Colonial Imports instituted this suit against Renault for violation of RSA ch. 357-B (Supp. 1979) and breach of its contract to repurchase the parts. After a hearing, the Master (*Charles T. Gallagher*, Esq.) issued his report and recommended judgment for plaintiff Sexton Motors in the amount of $12,500.00 and for plaintiff Colonial Imports in the amount of $22,592.41, subject to the return of the parts to Renault. The Trial Court (*Bean*, J.) approved the master's report. Upon motions by Sexton Motors and Renault to set aside the master's report, the master issued a second report. This report recom-

mended that Sexton Motors' motion to set aside the report be denied. The report also recommended that the judgment in favor of Colonial Imports be stricken and judgment for Sexton Motors be awarded in the identical amount of $22,592.41, subject to the return of the parts. The court also approved this report, and Renault appealed.

■ Renault argues that the application of RSA ch. 357-B (Supp. 1979) to the franchise agreement between itself and Sexton Motors violates the constitutional provision against retrospective legislation. N.H. CONST. pt. 1, art. 23. Specifically, Renault asserts that the parties formed the agreement on January 1, 1966, and that the statute did not become effective until August 1, 1973. Furthermore, Renault contends that the fact that the franchise agreement was for a one-year period subject to automatic renewal for one-year periods is of no consequence because our decision in *Geldhof v. Penwood Associates*, 119 N.H. 754, 407 A.2d 822 (1979), established that a newly-enacted statute may not be retrospectively applied to a pre-existing contract even if the contract is within a renewal period. Renault presented this same argument to the master, who rejected it.

The master distinguished this case from *Geldhof* on the ground that the plaintiff in that case sought to apply a newly-enacted statute to a pre-existing contract in the midst of a renewal period, *see Geldhof v. Penwood Associates, supra* at 754, 407 A.2d at 823, whereas in this case the statute became effective in August, 1973, and the last of the renewal periods began on January 1, 1978. The master concluded that each of the one-year renewals was a new contract and that, because the statute was in effect for more than four years prior to the 1978 renewal, the application of RSA ch. 357-B (Supp. 1979) to that contract would not be retrospective. We agree with the master.

■ Renault next argues that the master's finding that Renault violated RSA ch. 357-B (Supp. 1979) is not supported by the record. Renault contends that it did not unreasonably restrict the sale, transfer, or assignment of the Renault franchise in violation of RSA 357-B:4 III(i) (Supp. 1979) or RSA 357-B:9 (Supp. 1979). Renault has failed, however, to supply this court with a transcript of the trial. Therefore, the issue of the sufficiency of the evidence to support the master's findings cannot be raised. *Paine v. Paine*, 119 N.H. 874, 876, 409 A.2d 790, 791 (1979); *McCrady v. Mahon*, 119 N.H. 247, 248–49, 400 A.2d 1173, 1174 (1979); *see Appeal of Anderson*, 120 N.H. 749, 751, 422 A.2d 1043, 1045 (1980).

■ Renault also argues that Sexton Motors was not entitled to damages for Renault's failure to transfer the franchise to Colonial Imports because Sexton Motors and Colonial Imports had obtained an injunction prohibiting Renault from transferring the franchise to anybody. This contention merits little discussion. The clear purpose of the injunction was to preserve the franchise for Colonial Imports in the event the plaintiffs prevailed in their action. The defendant's argument that a transfer of the franchise to Colonial Imports would violate the injunction and that the injunction, rather than it, prevented the transfer of the franchise to Colonial Imports has little merit.

■ Renault argues that it was error to award damages to Sexton Motors for Renault's breach of the agreement to repurchase the parts inventory of Sexton Motors because neither Sexton Motors nor Colonial Imports pleaded the breach. This assertion overlooks the posture and pleadings of the case below. Sexton Motors and Colonial Imports filed joint pleadings in this case. Colonial Imports then filed a motion to amend the pleadings by adding an additional count. That pleading alleged *inter alia* that the defendant had failed to repurchase the parts as it had promised. In this jurisdiction, we treat pleadings liberally, and the pleadings are adequate if they inform counsel of the dispute and enable the court to decide the case on its merits. *Berlinguette v. Stanton*, 120 N.H. 760, 762, 423 A.2d 289, 290 (1980); *Morency v. Plourde*, 96 N.H. 344, 346, 76 A.2d 791, 792 (1950).

■ Although the alleged breach of contract contained in the additional count was not artfully pleaded, it was sufficient to meet the minimum criteria. It is true that the pleadings do not set out the facts giving rise to the alleged breach, but they did adequately give notice to Renault that Colonial Imports alleged a breach of contract to repurchase the parts. If the pleadings failed to set forth sufficient facts to enable Renault to formulate a defense, it should have contested the sufficiency of the pleadings at the trial. We will not review the sufficiency of the pleadings after the case has been tried without objection to the pleadings, because allegedly defective pleadings can be corrected by amendment after the trial. *Lakeport Nat. Bank v. Loring*, 80 N.H. 337, 339, 116 A. 638, 640 (1922); *McDonald v. Smith*, 79 N.H. 143, 143–44, 106 A. 558, 559 (1919).

■ That the court entered judgment in favor of Sexton Motors notwithstanding the fact that Colonial Imports pleaded the breach does not require reversal of this case. Sexton Motors and Colonial

Imports sued Renault in a joint action, and the allegations contained in the initial pleading and the allegations contained in the additional count concerned the same events. Consequently, Renault was not prejudiced by the master's determination that the cause of action for the breach of contract belonged to Sexton Motors rather than Colonial Imports.

Renault's remaining arguments concerning Sexton Motors' recovery for the breach of the contract to repurchase the parts concern the sufficiency of the evidence to support the master's actions. Absent an adequate record, the issue of the sufficiency of the evidence to support the findings of the master cannot be raised. *Paine v. Paine supra.* Accordingly, the judgments are affirmed.

*Affirmed.*

All concurred.