## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0666, <u>In the Matter of Gwenn Ferdinando and Bryan Ferdinando</u>, the court on August 24, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Bryan Ferdinando (husband), appeals the final decree of the Circuit Court (<u>Foley</u>, J.) in his divorce from the petitioner, Gwenn Ferdinando. He argues that the trial court erred in: (1) finding that he has the ability to pay alimony in the amount awarded; (2) determining the amount and duration of alimony; and (3) failing to fully credit him for payments made under the temporary decree.

We first address the husband's argument that the court erred in finding that he has the ability to pay alimony in the amount awarded. The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. We will uphold its factual findings unless they are lacking in evidentiary support or tainted by error of law. <u>Id</u>.

Upon motion of either party, the trial court may award alimony, either temporary or permanent, for a definite or indefinite period of time, if it finds that:

(a) [t]he party in need lacks sufficient income, property, or both . . . to provide for such party's reasonable needs, taking into account the style of living to which the parties have become accustomed during the marriage; and (b) [t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony, taking into account the style of living to which the parties have become accustomed during the marriage; and (c) [t]he party in need is unable to be self-supporting through appropriate employment at a standard of living that meets reasonable needs . . . .

RSA 458:19, I (Supp. 2015).

In this case, the trial court found that the wife lacks sufficient income to provide for her reasonable needs, that the husband has the ability to pay the

alimony she needs while meeting his own reasonable needs, and that the wife is unable to be self-supporting through suitable employment. The record supports these findings. In her financial affidavit submitted at the final hearing, the wife listed income of $3,514 per month and expenses of $7,959 per month. The trial court found that the wife will be able to reduce her housing expenses when she refinances the mortgage, and that many of her expenses are overstated, but that she has at least $6,000 in reasonable expenses per month. Thus, the court found, she demonstrated a need for alimony in the amount she requested, $2,200 per month.

In the husband's financial affidavit, he listed income of $5,618 per month and expenses of $3,359 per month, or $2,259 less than his monthly income. Thus, the court found, the husband has the ability to pay alimony in the amount the wife requested while meeting his own reasonable needs. The court also found that the husband receives fringe benefits from his employer including: health insurance at no cost to him; a $2,000 per year contribution to his health savings account; the use of a 1996 Ford Explorer, with gasoline and maintenance at no cost to him; contributions to his IRA; and the use of a cell phone. The trial court properly considered these benefits in determining the husband's ability to pay alimony. See Thayer v. Thayer, 119 N.H. 871, 873 (1979), superseded by statute on other grounds as stated by In the Matter of Clark & Clark, 154 N.H. 420, 425 (2006). We conclude that the record supports the trial court's finding that the husband has the ability to pay the amount of alimony awarded. See Nassar, 156 N.H. at 772.

The husband next argues that the court erred in determining the amount and duration of alimony to be awarded. "Our role is not to review the alimony award de novo, but to determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." In the Matter of Kempton & Kempton, 167 N.H. 785, 803-04 (2015) (quotation omitted). In determining the amount of alimony to be awarded, the court may consider the value of economic and non-economic contributions to the family unit, RSA 458:19, IV(d) (Supp. 2015), and:

> shall consider the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded . . . , vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party as defined in RSA 458:16-a, II(l); and the federal tax consequences of the order.

RSA 458:19, IV(b) (Supp. 2015).

The parties were married for twenty-five years. At the time of the decree, both parties were fifty-two years old. The wife, who has a bachelor of science degree in accounting, testified that she sacrificed her career to raise the parties'

2

three children, and that she has been unable to obtain employment in her field. The court noted that the wife's income as a data specialist has risen "considerably" from the time of the 2013 hearing, but that it appeared that her earning capacity "has reached a plateau." The court awarded the wife alimony of $2,200 per month for ten years based upon "the duration of the marriage, the parties' ages, [the husband's] physically difficult job, [the husband's] greater earnings and the probability that he and his siblings will acquire significant additional assets in the future, and given the probability that [the wife] will have a very difficult time just holding onto the assets she is being awarded herein."

The trial court suggested, however, that if the wife obtains employment in the accounting field and thereby increases her income, it might constitute a substantial change in circumstances justifying a review of the alimony award. See In the Matter of Canaway & Canaway, 161 N.H. 286, 289 (2010) (requiring substantial change in circumstances to modify alimony award). Based upon this record, we cannot conclude that the court erred in determining the amount and duration of the alimony award. See Kempton, 167 N.H. at 803-04.

The husband raises three issues on appeal that are not preserved for review. First, he argues that the court erred to the extent that it considered future monetary gifts from his parents in determining alimony. He also argues that the court's alimony award is inconsistent with his requested finding of fact No. 24, which the court granted, and which states that the wife is capable of supporting herself. Finally, he argues that the court failed to fully credit him for payments made under the temporary decree. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. See Fam. Div. R. 1.26(F); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002); State v. Porter, 144 N.H. 96, 100-01 (1999) (Rules of preservation are not relaxed for a self-represented party.). Because the record fails to show that the husband raised these issues with the trial court, they are not preserved for review.

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3