## Cummings & a. *v.* Tute.

When a cause has been referred by a rule of Court, and the referee makes a report, the Court may accept, reject, or recommit the report, as shall seem proper upon the evidence before the Court.

Where a motion was made in such case before the referee for a continuance, in order that the defendant might receive personal notice of the hearing, which motion was denied by the referee, and the hearing was had and a report made, and no question of discretion was reserved or submitted to the Court by the referee, the Court will, notwithstanding, if such course seems equitable and proper upon the evidence before the Court, recommit the report and the cause for a further hearing.

(Smith, J., dissenting.)

Motion by defendant in Stephen H. Cummings and Oren H. Boynton *v.* Renselear Tute, to recommit the report of a referee, or to discharge the rule of reference.

It appeared that defendant lives in Boston, Mass., and is frequently absent from home on business; that the hearing was originally appointed for Aug. 31, 1869; that defendant's counsel were notified several days before, but did not succeed in getting word to defendant till the day before; that the defendant's counsel requested a postponement, and the hearing was postponed to Sept. 14. On Sept. 9, 1869, defendant's counsel wrote to plaintiffs' counsel that, on account of absence of witnesses, defendant wished to have the case continued " until some two months hence ;" adding " the hearing before the referee we will agree upon soon as convenient after Sept. term." Sept. 10, 1869, plaintiffs' counsel replied, " I will let the hearing be continued till after court." On Sept. 14, 1869, defendant's counsel did not attend before the referee, and the hearing was adjourned to Nov. 9, 1869. Soon after, one of defendant's counsel was verbally informed by plaintiffs' counsel of the time to which the hearing was adjourned, but soon forgot it. Within a few days before Nov. 9, plaintiffs' counsel casually mentioned to defendant's counsel the time of hearing. Defendant's counsel immediately wrote defendant, but failed to receive a reply, their letter not reaching defendant. Nov. 9, defendant's counsel appeared before the referee and moved for a continuance, which was refused. Defendant's counsel cross-examined plaintiffs' witnesses, and stated their views of the evidence to the referee. The referee found for plaintiffs. The referee, in his report, says defendant's counsel asked for a further continuance to some time before the next term of court ; " the plaintiffs were not willing for a further continuance of the case, and the hearing was had." If the referee had reserved all discretionary matters for the Court, the Court would have recommitted the report upon terms. But as no questions had been reserved for the Court, the motion to recommit was denied, as well as the motion to discharge the rule. Defendant excepted.

The case was reserved, together with all questions within the discretion of the Court at the trial term.

*C. W. & E. D. Rand*, for plaintiffs.

*Farr & Son*, for defendant.

Sargent, J. In this case the cause was committed to a referee under a rule of Court, by agreement of parties, and the report of the referee is made upon a hearing of the testimony on one side only, though the counsel for defendant appeared and cross-examined plaintiffs' witnesses and stated his views to the referee, after having applied for a continuance without effect.

There is no claim that the referee did not give proper notice to the counsel, but the difficulty was in getting actual notice to the defendant.

It is claimed that there was some carelessness on the part of defend-

ant's counsel in the last instance, in forgetting the first verbal notice that was given them of the adjournment; but upon that point the evidence is conflicting, and after the second notice they were not able to reach the defendant seasonably to notify him of the hearing.

We do not see that any blame can attach to the referee or to the plaintiffs' counsel, or that the referee acted with impropriety or partiality upon the evidence before him at the hearing, nor do we see any cause to set aside his report.

But when his report is returned to court, and a motion is made to recommit, our impression is that it has usually if not always been considered a matter within the discretion of the Court at the trial term, upon such case as may be made before that tribunal, whether the report shall, for any cause, be recommitted or not. If the Court thinks upon the whole that it would be better that a further hearing should be had before the referee upon any particular point, or upon the whole case, our understanding of the practice is that the report is recommitted, and that in order to recommit the Court are not obliged to find that the referee has done anything wrong, or made any wrong ruling or wrong decision upon the evidence as it stood before him.

It is said that the Court will make every reasonable intendment in favor of the awards of referees, and that is so when it appears that there has been a full hearing of both sides, and the case has been fully considered and decided upon its merits. But in order to have this rule apply, the Court should see that every proper facility is afforded to all parties to appear and be heard by himself and witnesses, as well as counsel.

The defendant in this case, without any fault of his own, so far as appears, has received in fact no notice of the hearing, and has had no opportunity to be heard upon the merits of his case; and we think that the conclusion of the presiding Judge was probably correct, that it would be well, upon such terms as would be just between the parties, to allow the defendant to be heard upon the merits; and we think he had full discretionary powers in the case, whether the referee had reserved any or all matters of discretion, or none.

In voluntary submissions to referees, it is provided that the Court to which the report is made, may accept, reject, or recommit the same for further consideration. Gen. Stats., ch. 232, sec. 11.* And that is

---

* Note. *Morey* v. *Hardy*, decided March adj. term, 1862, Mer. Co., illustrates the practice under the statute. That was a submission, in conformity to the statute, to three referees, and the submission was returnable to the trial term for said county. Upon the filing of the report in court, the defendant appearing specially, objected to the reception and consideration of the report therein, first, because it was not "delivered" to the Court by one of the referees in person, but was sent by counsel, and second, because it was not "transmitted" to said Court in an envelope "sealed up by them." After a full hearing of all parties, the objections were

only giving the Court the same power which they were understood to
have in case of a submission under a rule of Court.

Upon the finding of the Court at the trial term, the report should
be recommitted.

*Report recommitted.*

SMITH, J., dissented, but delivered no opinion.

---

sustained by the Court (BELLOWS, J.) After these objections were re-
moved, the question arose as to the proper practice when such reports were
returned to court in pursuance of statutory submissions.   The presiding
justice continued the cause *nisi* in order to take the opinion of the full
bench.   The rescript of the opinion sent down to the trial term was as fol-
lows : "The Court say that notice of the return and entry of the award or
report of referees is necessary, and think that it may now be continued
with an order of notice, returnable next term.   In case in 4 N. H. Reports
notice must be in writing,—and proof of it by parol, and evidence of it in
affidavit, not safe."