Belknap,
No. 4895.

LAURENCE I. & ESTELLE E. LUNEAU

*v.*

JOHN A. & CATHERINE L. MACDONALD.

Argued March 7, 1961.

Decided April 28, 1961.

*Harold E. Wescott* (by brief and orally), for the plaintiffs.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the defendants.

DUNCAN, J.  Underlying the action of the Trial Court was the ruling that the conveyance of the triangular tract to the plaintiffs' predecessor in title operated to convey the fee to the center of the highway as laid out in 1898, and that in consequence the defendants do not own the shore within the 1898 layout and have no "littoral rights thereto."  In the partition of the land which had been jointly owned by the predecessors in title of the parties to this action, the east boundary of the triangular tract was fixed by the deed of July 14, 1906 to the plaintiffs' predecessor.  The subsequent conveyance to him given in October by the defendants' predecessor conveyed a single tract on both sides of the boulevard (*cf. Baldwin* v. *Wallace*, 84 N. H. 71), from which the triangular tract was reserved by exception.  It was therein described by reference to the prior deed of the triangular tract, and was referred to, in the October deed, as a lot "bordering on the shore . . . one hundred eighty-six (186) feet and extending back to said Boulevard."

The issue is what did the parties intend by the description in the deed of July 14, 1906 of a boundary which ran "to the . . . Boulevard to an iron pin . . . thence northerly on the line of said Boulevard."  Did they intend to bound the lot by the westerly side line of the boulevard or by its center line?  We think that the Trial Court correctly ruled that the center line was intended.

Under the firmly established law of this jurisdiction a conveyance of land bounded by a stream or a highway is presumed to run to the thread of the stream or the center of the highway, unless a contrary intention is plainly disclosed.  "An intent that the soil in the river and street shall be owned by a person who does not own the abutting land is so improbable that it would require an express exception in the grant, or some clear and unequivocal declaration, or certain and immemorial usage, to limit the title of the grantee to the edge of the street and the edge of the river."  *Smith* v. *Furbish*, 68 N. H. 123, 126, and cases cited.

The deed to the plaintiffs' predecessor in title contained no express exception of the narrow strip lying between the westerly side line and the center line of the highway layout.  Nor did it contain any "clear and unequivocal declaration" that this strip was not conveyed to the plaintiffs' predecessor.  The description of the course of the easterly boundary of the tract as one proceeding northerly "on the line of said Boulevard land" was not such a declaration.  In *Woodman* v. *Spencer*, 54 N. H. 507, the court was called upon to construe a deed of land in which one boundary

ran "northerly on the easterly side of said road," and held that the conveyance was to the center of the highway, relying upon "the strong and controlling presumption that it was not the intention of the grantor to except from the operation of his deed, and so retain, in himself, the fee to such a long, narrow strip of land . . . and that it was not the intention of the grantee to accept a deed which should give him none of the usual rights . . . in the soil of the highway, and which may have the effect to leave his premises inaccessible in case the rights of the public in the road should be surrendered." *Id.*, 511. See also, *Kent* v. *Taylor*, 64 N. H. 489; *Sleeper* v. *Laconia*, 60 N. H. 201. Under the established rule, the presumption that the conveyance to the plaintiffs' predecessor in title extended to the center line of the existing highway was not overcome, and the ruling of the Trial Court is sustained.

The Trial Court also ruled that the defendants' right to use the land within the limits of the 1898 layout is restricted to their right as members of the public and does not include a right to maintain a wharf. As against the city it may be true that the defendants' right "does not include the right to maintain a wharf" as the court ruled in reliance upon *Hoban* v. *Bucklin*, 88 N. H. 73, 87, but the city is not a party and seeks no relief, and the plaintiffs have no standing to enforce the public right.

As against the plaintiffs, the ruling is correct as applied to maintenance by the defendants of the wharf, housing the water pipes. The denial of the defendants' right to maintain the wharf housing the pipes rests upon an implied finding that it is situated north of the division line established by the 1906 deeds, where the plaintiffs own the underlying fee. The ruling by the Trial Court that the "evidence falls short" of supporting a finding of a prescriptive right to maintain this wharf is sustained, since the evidence was that it was built to house the pipes less than twenty years before commencement of the action. For the same reason, the injunction against maintaining the pipes to the water of the lake was properly entered.

The Trial Court erred however, in ruling that there was no evidence to sustain the master's findings with respect to the second wharf or dock known as the "Sundeck." It could reasonably be found that this wharf or one like it had been used for many years prior to the time when the other wharf was built, and hence the defendants have a prescriptive right to maintain and use it, as against the plaintiffs. The Court was bound by the master's

finding that the defendants "have gained the right to occupy [the Sundeck] by over twenty years user by themselves and their predecessors in title." The same evidence warranted the finding of a prescriptive right as against the plaintiffs to use the shoreline within the 1898 layout "for themselves and their guests for bathing, boating and fishing purposes, subject to any right of the City." Since the area available for this use is virtually minuscule, we are not impressed by the argument that the defendants' rights should be defined in terms of the number of users to be permitted.

The injunction against maintaining and using the "Sundeck" is therefore dissolved; and the portion of the decree which purports to remove a cloud upon title by reason of the "purported conveyance" of this dock or wharf should be modified so as to permit the continued use of the "Sundeck" by the defendants and others in their right. In other respects the injunction and decree are sustained.

*Exceptions sustained in part and overruled in part; remanded.*

All concurred.