Carroll
No. 82-247

JOHN A. CORNFORTH

v.

LINDA M. CORNFORTH

January 24, 1983

*Dickson, Fauver & Cooper*, of North Conway (*Randall F. Cooper* on the brief and orally), for the plaintiff.

*Peter A. McFarlane*, of Ossipee, by brief and orally, for the defendant.

DOUGLAS, J. This case involves the question of the proper relationship between the report and recommendations of a marital master and the approval of a superior court judge in a contested divorce matter. We vacate the divorce decree in part and remand.

In December 1981, the husband filed a libel for divorce based upon irreconcilable differences. In March 1982, the defendant filed a cross-libel for divorce, alleging that the plaintiff had seriously injured her health and endangered her reason. *See* RSA 458:7, V; C. DOUGLAS, NEW HAMPSHIRE PRACTICE, FAMILY LAW § 170, at 150–51 (1982).

The case was tried as a contested divorce by a Marital Master (*Bruce F. DalPra*, Esq.), but no recording or stenographic record was made. On May 10, 1982, the master made certain findings and recommendations in a written report. He recommended that the divorce be granted and that alimony be denied, but that a property award be made to the wife in the amount of $7,500. After reviewing the recommendations of the master, the Trial Court (*Wyman*, J.) approved the report "except as to . . . [the property settlement] which is increased to fifteen thousand dollars."

The plaintiff filed a motion for a hearing before the trial court or, in the alternative, for approval of the master's recommendation as submitted to him. The trial judge reaffirmed his prior order and added that he "determines this to be a factual finding." The plaintiff appeals on the ground that a judge may not alter a recommended property award when there is no record of the proceedings before the master, unless the parties appear before the judge or the evidence is presented to him.

RSA 519:9 authorizes the appointment of masters under the following circumstances:

> "The superior court with the consent of the parties shall, and without the consent of the parties may, commit to one or more referees any cause at law or in equity, for the determination of any question of fact pending in court wherein the parties are not, as [a] matter of right, entitled to a trial by jury; and with the consent of the parties shall so commit any other cause or the determination of any other question of fact."

This statute has been in effect in substantially the same form since 1874. *See* Laws 1874, 97:13.

■ We must approach the case at bar with the perspective that appointment of a "referee" or master is for the purpose of "the determination of any question of fact." RSA 519:9. Masters are to prepare a "report" for the court, *see* RSA 519:10, and upon request are to state their recommended findings of fact and rulings of law. Because there is rarely a record of the proceedings before a master, in most cases the master's report is routinely *approved* by the trial court. Masters "in domestic relations cases . . . [have] been given broad discretion in determining questions relating to the division of property between the two parties." *Henderson v. Henderson*, 121 N.H. 807, 809, 435 A.2d 133, 135 (1981); *see Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978).

■ When there is no transcript of the proceedings before the master, as in the instant case, this court is tightly constrained in reviewing *facts* found by a master. In the absence of a transcript, the evidence is presumed to support the result reached below. *Adams v. Adams*, 117 N.H. 43, 44, 369 A.2d 196, 197 (1977). Thus, in *Hunneyman v. Hunneyman*, 118 N.H. 652, 392 A.2d 147 (1978), we stated:

> "There is no transcript in this case, and a review of the record before us shows no inconsistency between findings and rulings and the report; further, there are revealed no errors of law. We therefore cannot say that the court abused its discretion with regard to the support order and the division of property."

*Id.* at 653, 392 A.2d at 148; *see Cotter v. Cotter*, 119 N.H. 426, 427, 402 A.2d 198, 199 (1979); *Paine v. Paine*, 119 N.H. 874, 409 A.2d 790 (1979).

With those limits upon *this* court, we can hardly allow more discretion to a trial judge who, similarly, sees only the paperwork in the file and does not hear the witnesses or observe their demeanor. This situation is distinguishable from the situations when a trial judge sets aside, increases, or decreases a jury verdict, for in the latter situation the judge presided and heard the same evidence. *See Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 497, 389 A.2d 429, 432 (1978).

■ Effectively, then, the marital master is a *de facto* judge. If the master's proposed decree on its face misstates the *law*, it may be corrected by the trial judge. *See Hunneyman v. Hunneyman*, 11

N.H. at 653, 392 A.2d at 148. If facts or amounts of awards are questioned, however, then the trial judge could invoke RSA 519:12, which provides that reports "may be recommitted to the same or other referee," *see Cummings v. Tute*, 50 N.H. 22, 24 (1870), or could hold a hearing at which the parties could be heard on the disputed issue or issues. *See Luneau v. MacDonald*, 103 N.H. 273, 273, 173 A.2d 44, 44 (1961).

A trial judge, however, cannot take a contested case in which no record exists and rearrange the financial consequences without notice to the parties and a hearing. Were marital cases generally to be handled differently than they are, there would soon be a torrent of motions for rehearing, *de novo* hearing, and other matters before the judges, and there would be little purpose, if any, in having masters.

*Increased property award
vacated; remanded.*

All concurred.