Request of the House of Representatives
No. 94-106

OPINION OF THE JUSTICES

(Marital Masters' Contempt Powers)

April 15, 1994

The following Resolution No. 55, as amended, requesting an opinion of the justices, was adopted by the House of Representatives on February 17, 1994, and filed with the supreme court on February 18, 1994:

"Whereas, there is pending in the house, HB 1135, 'An Act granting marital masters limited powers to impose penalties for contempt;' and

"Whereas, an amendment has been proposed to HB 1135; and

"Whereas, RSA 491:23-a as proposed by HB 1135 as amended would grant marital masters the power to enforce orders and de-

crees in marital matters that have been approved by the superior court by adjudicating a person in civil contempt; and

"Whereas, RSA 491:23-a as proposed by HB 1135 as amended would allow the marital master to order the person incarcerated for such contempt, pending review by a justice of the superior court; and

"Whereas, a question has arisen as to the constitutionality of the provisions of the bill; and

"Whereas, it is important that the question of the constitutionality of said provisions be settled in advance of its enactment; now, therefore, be it

"Resolved by the house:

"That the justices of the Supreme Court be respectfully requested to give their opinion on the following question of law:

1. Would enactment of HB 1135, as amended, granting marital masters limited powers to impose penalties for civil contempt, including incarceration, vest such power and authority in marital masters that they would be considered judicial officers subject to the nomination and appointment provisions of Part II, Article 46 of the New Hampshire Constitution?

That the clerk of the House of Representatives transmit copies of this resolution and HB 1135 and the amendment to HB 1135 to the justices of the New Hampshire Supreme Court."

The following response is respectfully returned:

*To the Honorable House of Representatives*:

The undersigned justices of the supreme court now submit the following reply to your question of February 17, 1994. Following our receipt of your resolution, we invited interested parties to file memoranda with the court on or before March 18, 1994.

HB 1135 (the bill), as amended, proposes to amend RSA chapter 491 (1983) by inserting after section 23 a new section to read:

"491:23-a Marital Master; Enforcement of Orders.

I. Marital masters shall have the power to enforce orders and decrees in marital matters that have been approved by the superior court by adjudicating a person in civil contempt for:

(a) Failure to appear in response to a notice or summons.

(b) Failure to comply with court orders.

(c) Refusal to answer questions or to produce evidence.

II. The marital master may order the person incarcerated for such contempt, pending review by a justice of the supe-

rior court, no later than 72 hours from the commencement of said incarceration."

Your question asks whether the amended bill would vest such power and authority in marital masters that they would be considered judicial officers in violation of the provisions of part II, article 46 of the New Hampshire Constitution. The constitution requires that "[a]ll judicial officers . . . be nominated and appointed by the governor and council; and every such nomination shall be made at least three days prior to such appointment; and no appointment shall take place, unless a majority of the council agree thereto." N.H. CONST. pt. II, art. 46. We answer in the affirmative.

 The power to punish for contempt of court is an inherent judicial power. *See State v. Martina*, 135 N.H. 111, 115, 600 A.2d 132, 135 (1991); *State v. LaFrance*, 124 N.H. 171, 179, 471 A.2d 340, 344 (1983); *State v. Moquin*, 105 N.H. 9, 11, 191 A.2d 541, 543 (1963); *Opinion of the Justices*, 86 N.H. 597, 601, 166 A. 640, 646 (1933). Such power "is not set forth in any New Hampshire statute," *State v. LaFrance*, 124 N.H. at 179, 471 A.2d at 344, but rather "is a necessary incident to the exercise of judicial power inherent in the functioning of the court system." *Id.*

In *Opinion of the Justices*, 128 N.H. 17, 509 A.2d 746 (1986), we concluded that presently sitting marital masters are not judicial officers within the meaning of part II, article 46 of the State Constitution because they have not been appointed by the Governor and Council and their decisions are not binding. *Id.* at 19–20, 509 A.2d at 747–48. The legislature had proposed an amendment to RSA chapter 491 which would have empowered marital magistrates to, among other things, make orders and impose penalties for the purpose of enforcing summonses of boards and officials which themselves lacked the power to punish for contempt. We held that such a provision "would purport to provide powers to marital magistrates beyond the traditional authority exercised by marital . . . masters," *id.* at 20, 509 A.2d at 748, and that therefore "[t]here is no question . . . that marital magistrates . . . would ostensibly be granted the authority of judicial officers, even though they would not be appointed or tenured as such" in violation of part II, article 46. *Id.* at 21, 509 A.2d at 748.

 The same reasoning applies to the proposed bill before us. The bill, as amended, grants marital masters "the power to enforce

orders and decrees . . . by adjudicating a person in civil contempt." In addition, the bill provides that "the marital master may order the person incarcerated for such contempt." The effect is to grant marital masters the authority of judicial officers. The legislature cannot permit such powers to be exercised in a constitutionally established court by other than constitutionally appointed judicial officers. *Opinion of the Justices*, 128 N.H. at 21, 509 A.2d at 748; *cf.* N.H. CONST. pt. I, art. 37.

> DAVID A. BROCK
> WILLIAM F. BATCHELDER
> WILLIAM R. JOHNSON
> W. STEPHEN THAYER, III
> SHERMAN D. HORTON, JR.

April 15, 1994

*Jeffrey R. Howard*, attorney general (*Daniel J. Mullen*, senior assistant attorney general, on the memorandum), filed a memorandum in support of an affirmative answer to the question presented.

*Bruce Paul Witte*, of Manchester, filed a memorandum in support of an affirmative answer to the question presented.

*Tyler P. Harwell*, of Berlin, filed a memorandum in support of an affirmative answer to the question presented.