524

Request of the Senate
No. 2007-263

OPINION OF THE JUSTICES
(Recommendations of Marital Masters)

Submitted: May 11, 2007
Opinion Issued: May 30, 2007

The New Hampshire Senate adopted the following resolution on April 12, 2007, and filed it with the supreme court on April 17, 2007:

"Whereas, SB 112, 'An Act relative to recommendations of marital masters,' is presently pending in the senate; and

"Whereas, SB 112 provides that 'all recommendations of marital masters shall become final unless within 10 days of the date of the clerk's written notice of the recommendation, a party requests that the recommendation be reviewed by a judge;' and

"Whereas, part II, article 46 of the New Hampshire constitution states: 'All *judicial officers*, the attorney general and all officers of the navy and general and field officers of the militia, *shall be nominated and appointed by the governor and council*; and every such nomination shall be made at least three days prior to such appointment; and no appointment shall take place, unless a majority of the council agree thereto.' (emphasis added); and

"Whereas, part II, article 73 of the New Hampshire constitution states: 'The tenure that all commissioned officers shall have by law in their offices shall be expressed in their respective commissions, and *all judicial officers duly appointed, commissioned and sworn, shall hold their offices during good behavior except those for whom a different provision is made in this constitution.* The governor with consent of the council may remove any commissioned officer for reasonable cause upon the address of both houses of the legislature, provided nevertheless that the cause for removal shall be stated fully and substantially in the address and shall not be a cause which is a sufficient ground for impeachment, and provided further that no officer shall be so removed unless he shall have had an opportunity to be heard in his defense by a joint committee of both houses of the legislature.' (emphasis added); and

"Whereas, in *Opinion of the Justices*, 128 N.H. 17 (1986), the New Hampshire supreme court held that marital masters were not judicial officers within the meaning of part I, article 46 of the New Hampshire constitution because they were neither nominated and appointed by the governor and council, nor enjoyed tenure during good behavior, and that such masters 'are authorized to make recommendations, which, though normally approved, have no binding force upon the court;' and

"Whereas, in *Witte v. Justices of the N.H. Superior Court*, 831 F.2d 362 (1987), the United States Court of Appeals for the First Circuit held that marital masters in New Hampshire 'have no inherent power, but rather derive all their power from the appointing judge or from the agreement of the parties;' and

"Whereas, in 2005, 177:14 (later codified as RSA 490-D:7), the legislature provided that henceforth the administrative judge of the judicial branch family division shall submit to the governor the name of a marital master nominee, and that upon acceptance by the governor, such nominee would be submitted to the executive council for confirmation, *see* RSA 490-D:7, II, but that once confirmed such new marital master is appointed for a specific term, *see* RSA 490-D:7, III; *see also* Super. Crt. Admin. R. 12-6; and

"Whereas, a public hearing was held before the senate judiciary committee on SB 112, and the bill was reported out of committee with a recommendation of ought to pass and, upon second reading before the senate, was laid upon the table because a question has been raised concerning whether only the opportunity for review by a judge of a recommendation of a marital master is in any way contrary to the New Hampshire constitution; and

"Whereas, SB 112 raises an important question of law awaiting further consideration and action in the New Hampshire senate; now therefore, be it

"Resolved by the Senate:

"That, pursuant to part II, article 74 of the New Hampshire Constitution, the justices of the supreme court be respectfully requested to give their opinion as expeditiously as possible on the following questions of law:

1. Would the enactment of SB 112, authorizing all recommendations of marital masters to become final within 10 days of the date of the clerk's written notice of the recommendation unless a party requests that the recommendation be reviewed by a judge, as applied to recommendations of marital masters in both the judicial branch family division and in the superior court, violate the requirements of part II, article 46 and/or part II, article 73 of the New Hampshire constitution?

2. Would the enactment of SB 112 violate any other provision of the New Hampshire constitution?"

*To the Honorable Senate:*

·The following response is respectfully returned:

Senate Bill (SB) 112 proposes to amend RSA 490-D:9 (Supp. 2006). As amended, RSA 490-D:9 would provide that "[a]ll recommendations of marital masters shall become final unless within 10 days of the date of the clerk's written notice of the recommendation, a party requests that the recommendation be reviewed by a judge." RSA 490-D:9 currently provides that "[a]ll recommendations of marital masters shall be signed by a judge."

We have been asked to give our opinion on two questions. First, whether enactment of SB 112 would "violate the requirements of part II, article 46 and/or part II, article 73 of the New Hampshire constitution," and second, whether enactment of SB 112 would "violate any other provision of the New Hampshire constitution." We have historically declined to answer general inquiries on constitutional infirmity and, in keeping with that practice, we respectfully decline to answer the second question. *See Opinion of the Justices (Weirs Beach)*, 134 N.H. 711, 717 (1991). We turn, therefore, to the first question.

Part II, Article 46 of the New Hampshire Constitution provides, in pertinent part: "All judicial officers, the attorney general, and all officers of the navy, and general and field officers of the militia, shall be nominated and appointed by the governor and council."

Part II, Article 73 of the New Hampshire Constitution provides, in pertinent part: "[A]ll judicial officers duly appointed, commissioned and sworn, shall hold their offices during good behavior except those for whom a different provision is made in this constitution."

Although marital masters provide invaluable service to the judicial branch and the citizens of the state, we conclude that they are not judicial officers within the meaning of Part II, Articles 46 and 73 of the New Hampshire Constitution. Because SB 112 would grant them the authority of judicial officers, even though they are not tenured as such, we answer your first question in the affirmative.

"[A] judicial officer within the meaning of part II, article 46 must, by definition, be nominated and appointed by the governor and council, and must be commissioned to hold office during good behavior." *Opinion of the Justices*, 128 N.H. 17, 19 (1986) (quotation and citations omitted). Although pursuant to RSA 490-D:7 (Supp. 2006), marital masters are now nominated and initially appointed by the governor and council, they are not commissioned to hold office during good behavior, and, therefore, are not judicial officers within the meaning of the State Constitution. Under RSA

490-D:7, III marital masters "serve an initial term of 3 years." "Subsequent reappointments shall be made in accordance with judicial branch family division rules" and "[d]uring appointment terms, the authority and responsibility to conduct annual performance reviews, and termination, if necessary, shall be with the administrative judge of the judicial branch family division." RSA 490-D:7, III. Pursuant to this provision, marital masters "have no tenure and are removable by the court at will." *Opinion of the Justices*, 128 N.H. at 20.

■ Because marital masters are not judicial officers within the meaning of the State Constitution, they are authorized only "to make recommendations, which, though normally approved, have no binding force upon the court." *Id.* SB 112, however, proposes to vest marital masters with one of the "necessary characteristic[s] of a judicial officer": "the authority to render judgment to determine issues that are properly raised before the judicial branch." *Id.* at 19. Vesting marital masters with this authority violates Part II, Articles 46 and 73 of the State Constitution. *See id.* at 21.

We have not been asked and therefore do not opine upon whether this constitutional infirmity could be eliminated by amending SB 112 to permit parties to consent in advance to marital masters entering final judgment, *see* 28 U.S.C. § 636(c) (2000), or by amending it to limit the authority of marital masters to enter final decisions upon nondispositive motions, *see* 28 U.S.C. § 636(b) (2000).

JOHN T. BRODERICK, JR.
LINDA STEWART DALIANIS
JAMES E. DUGGAN
RICHARD E. GALWAY
GARY E. HICKS

May 30, 2007

*Hon. Edwin W. Kelly*, of Plymouth, filed a memorandum in support of negative answers to the questions.