Hillsborough,
No. 5433.

ALFONSE SALITO *v.* ANNE SALITO.

Argued December 7, 1965.
Decided February 28, 1966.

*Hamblett, Kerrigan & Hamblett* and *Robert W. Pillsbury* ( *Mr. Pillsbury* orally ), for the plaintiff.

*Harkaway & Barry* ( *Mr. Aaron A. Harkaway* orally ), for the defendant.

KENISON, C. J. The plaintiff's petition for a divorce from his wife upon the grounds of abandonment and refusal to cohabit ( RSA 458:7 IX ( supp ); Laws 1957, 67:1 ) was dismissed after hearing in January 1965. The plaintiff appealed this dismissal to this court. *Salito* v. *Salito,* 107 N. H. 53, decided this day. On March 5, 1965 the defendant filed a motion for attorney's fees stating that "she is poor and unable to afford to pay for further legal services which are required to properly defend her further in the New Hampshire Supreme Court." It appears from the reserved case transferred by *Leahy,* C. J. that the defendant's "motion was granted in the discretion of the Court after full hearing" on June 23, 1965 to the extent that the plaintiff was "ordered to pay $125.00 as attorney fees to counsel for Anne Salito forthwith." The plaintiff's exception to this order was reserved and transferred.

In this state there is no express statutory provision allowing attorney's fees to the wife in divorce litigation. *Wallace* v. *Wallace,* 75 N. H. 217; Annot. 56 A.L.R. 2d 13. The statute which authorizes the court to make temporary allowances for support has been given a limited construction. RSA 458:16; *Guay* v. *Association,* 87 N. H. 216, 222. Unlike the rule in many jurisdictions the wife cannot demand a shifting galaxy of legal talent

at her husband's expense. Nevertheless from an early date the right of the court to order the husband to pay the wife an attorney's fee to defend a divorce proceeding by her husband has been preserved. *Quincy* v. *Quincy,* 10 N. H. 272; *Morris* v. *Palmer,* 39 N. H. 123, 128; Reporter's note, 49 N. H. vii; *Ray* v. *Adden,* 50 N. H. 82, 84. "Where the husband applies for a divorce, under certain circumstances, small sums have been ordered to be paid to the wife to enable her to make her defense." *Morrison* v. *Holt,* 42 N. H. 478, 482. See also, *Wallace* v. *Wallace,* 75 N. H. 217, 218; Comment, Counsel Fees in Matrimonial Actions, 38 Neb. L. Rev. 761 ( 1959 ).

The circumstances of the present litigation make a persuasive case for sustaining the Trial Court's order. The wife has prevailed on the merits in the divorce proceedings at the trial level. While the husband has every right to appeal this decision, it necessarily subjects the wife to additional expense. The husband contends that the attorney's fee of $125 allowed by the Court, "while not unreasonable in terms of the legal services required to defend the appeal, is unreasonable and an abuse of discretion in terms of the libelant's income, obligations and ability to pay." In the absence of any transcript of the hearing on the motion to grant the wife an attorney's fee, we cannot say that the Court's ruling had no support in the evidence received at the full hearing. The Court's order necessarily implied a finding of need on the part of the wife and ability to pay on the part of the husband. The attorney's fee awarded in defense of appellate proceedings was modest in amount, consistent with prior practice and presumptively valid. 3 Nelson, Divorce and Annulment ( 2d *ed.* ) *ss.* 29.05 and 29.06.

*Plaintiff's exception overruled.*

All concurred.