Merrimack,
No. 5425.

BLANCHE O. FARNUM *v.* BRISTOL-MYERS COMPANY.

Argued January 4, 1966.
Decided April 29, 1966.

*Eugene S. Daniell, Jr.* ( by brief and orally ), for the plaintiff.

*Hall, Zellers, Morse & Gallagher* ( *Mr. Mayland H. Morse, Jr.* orally ), for the defendant.

DUNCAN, J. This transfer in advance of trial consolidates two reserved cases arising out of an action to recover damages for skin rashes or dermatitis suffered by the plaintiff, allegedly as a result of the use of a deodorant known as Ban, manu-factured and marketed by the defendant, which she purchased in Tilton on April 17, 1957. One count of the writ alleges breach of warranty, and the other negligence in manufacture.

The plaintiff filed twenty-one interrogatories under Superior Court Rule 29. Certain of these were voluntarily answered by the defendant. As to the remainder, the Superior Court ( *Loughlin,* J. ) on May 7, 1964, and subject to exceptions by both parties, ruled that some should be answered and that others need not be. Superior Court Rule 37. Thereafter the defendant complied with the rulings of the Court by answers under date of June 3, 1964.

On November 27, 1964, the plaintiff filed a motion for dis-closure of certain information by the defendant. The motion was heard by the Court ( *Leahy,* C. J. ) in conjunction with the pre-trial hearing, and on January 12, 1965 was granted in part and denied in part, subject to the defendant's exception. The issues raised by this exception were reserved and transferred by the Presiding Justice on April 7, 1965; and the issues presented by the exceptions of both parties to the orders of May 7, 1964 were reserved and transferred by *Loughlin,* J. on May 18, 1965.

Two major issues are presented by the briefs and arguments before us. The first relates to the scope of the order of January 12, 1965 with respect to disclosure of complaints received by the defendant from persons "adversely affected by the use of defend-ant's product." The second relates to refusal of the Court by the order of May 7, 1964 to require the defendant to furnish a "com-plete chemical analysis" of its product "as manufactured in Janu-ary of 1957," and to disclose its knowledge concerning the capa-bility of the ingredients to cause harm to users.

The order of January 12, 1965 required the defendant to furnish the names and addresses of the "originators" of complaints of having been "adversely affected by the use of defendant's product 'Ban'" ( alleged by the plaintiff to have been over five hundred in number), the dates of such complaints, and the "nature of [each] complaint, whether or not said complaint was in writing and if so the nature of the writing."

The defendant maintains that this order was unduly broad, should be limited by reference to the dates of purchase, of use and of complaint, and further restricted to complaints which were similar in nature to those of the plaintiff herein.

In answer to the plaintiff's interrogatories, the defendant has disclosed that Ban has been manufactured by it since 1954, and distributed in New Hampshire since 1955. It has further disclosed that the chemical formula has been altered or changed five times since January 1957, on the following dates: November 3, 1958; January 16, 1959; January 29, 1959; August 29, 1960, and January 8, 1962. Its answers also disclose that prior to May of 1957 warning was given "no more and no less than that any product may cause skin irritation to some users," apparently by representation that it was "safe for normal skin"; and that on or after August 28, 1960, warning was given on the package or container: "do not apply antiperspirant on broken skin or if rash develops."

Questions which sought to discover the number of complaints of skin irritation received by the defendant in the calendar years 1956-1958 inclusive were not required to be answered by the order of May 7, 1964. The defendant points to this circumstance as further indication of the "unlimited sweep" of the later order of January 12, 1965.

The right of a party to be free from the burden of discovering records "which could have no possible 'legitimate bearing'" on the issues of the case ( *Staargaard* v. *Company,* 96 N. H. 17, 19 ), and from unjustified harassment or impertinent intrusion ( *Currier* v. *Company,* 101 N. H. 205, 206 ) is well established. *McDuffey* v. *Boston & Maine R. R.,* 102 N. H. 179. On the other hand, we think that the scope of permissible discovery in this case should not be confined to complaints made before the date of the plaintiff's purchase, as suggested by the defendant. Evidence that complaints were made after April 1957 may well

be material and competent upon the question of whether harm was probably caused by an ingredient of the product, rather than as the result of abnormal susceptibility on the part of the complainant. See 2 Harper & James, Torts, s. 28.8. It may also be material upon the issue of notice to the defendant of a risk inherent in use of its product by persons of normal susceptibility, and upon the issue of a duty to warn. Harper & James, *supra*, s. 28.7. *Bleacher* v. *Bristol-Myers Co.*, ( Del. Super. Ct. ) 163 A. 2d 526; *Wright* v. *Carter Products*, 244 F. 2d 53, 58 ( 2d Cir. 1957 ) and cases cited.

We are of the opinion that upon this record, the order of discovery should be limited to disclosure of complaints of the same nature as that made by the plaintiff, which were received by the defendant during the period ending August 29, 1960, when it warned of the risk of use "on broken skin, or if rash develops" and changed the formula for the fourth time. The defendant's exception is sustained to the extent that the order should be thus modified.

The defendant has complied with the order of May 7, 1964 requiring it to disclose the ingredients of its product. As a part of the order the Trial Court ruled that a "complete chemical analysis of the contents of this product as manufactured in January of 1957, including the percentage by volume or weight of each ingredient to the whole" need not be given. The Court further ruled that the defendant need not answer certain questions regarding the characteristics of ingredients, the possibilities of irritation, and the comparative merits of the products of its "new" and old formulae. To these rulings the plaintiff excepted.

The defendant maintains that its duty to disclose information concerning the ingredients of its product should not be enlarged beyond the scope of the order already complied with, while the plaintiff asserts that it was error to thus restrict the field of inquiry by written interrogatories. Rule 37 of the Superior Court rules contemplates full disclosure by a party on deposition or interrogatory except where the information sought is subject to privilege or answer is excused by statute.

However the extent to which rigid compliance with Rule 37 will be required in a particular case is a matter within the discretion of the Trial Court.

The order entered in this case recognized the defendant's interest in preserving the secrecy of its formula, by ordering that the ingredients utilized in 1957 be disclosed, but not their relative proportions. While it is settled law that trade secrets and the like enjoy no absolute privilege ( *Lincoln* v. *Langley,* 99 N. H. 158; *Spain* v. *Company,* 94´ N. H. 400; Annot. 17 A.L.R. 2d 383 ) their disclosure ordinarily will not be required in advance of trial, except in case of urgent necessity, and then subject to protective orders by the court when justice so requires. *Ingram* v. *Railroad,* 89 N. H. 277, 279-280. See Rule 30( b ), Federal Rules of Civil Procedure; 4 Moore's Federal Practice ( 2d *ed.* ) *s.* 30.12; *Baker* v. *Proctor & Gamble Co.,* ( D.S.D. N. Y. 1952 ) 17 F. R. Serv. 460, 30b.352, Case 1. See also, *Glick* v. *Mc-Kesson & Robbins* ( D.W.D. Mo. 1950 ) 10 F.R.D. 477.

The contentions of the parties presented an issue of fact for the determination of the Trial Court. The defendant asserts that its product is readily available for analysis by the plaintiff, while the plaintiff points out that the product presently marketed is manufactured by a formula differing from that used when she made her purchase.

Whether the general nature of the several changes in the formula can be indicated, without disclosure of the formulae themselves, in a way which would answer the plaintiff's requirements cannot be determined upon the record before us. If it appears from competent evidence that disclosure of the formula in advance of trial is "essential" or "urgently necessary" ( *Wagner Mfg. Co.* v. *Cutler-Hammer,* ( D. S.D. Ohio 1950 ) 10 F.R.D. 480, 485; *Hyman* v. *Revlon Products Corp.,* 277 App. Div. N. Y. 1118 ), the Trial Court has the authority to order it subject to suitable conditions calculated to prevent public disclosure or improper use of the information. *Chemical & Industrial Corp.* v. *Druffel,* 301 F. 2d 126 ( 6th Cir. 1962 ); *Melori Shoe Corp.* v. *Pierce & Stevens, Inc.,* ( D. Mass. 1953 ) 14 F.R.D. 346. See 2 Frumer & Friedman, Products Liability, *s.* 47.02; Developments-Discovery, 74 Harv. L. Rev. 940 1015-1018. The present state of the record warrants the orders made.

In declining to compel answers to the interrogatories which called for opinions or conclusions rather than disclosure of facts, the Trial Court committed no error. 4 Moore's Fed. Practice,

*supra, s.* 33.17; 9 Massachusetts Practice, Mottla, Civil Practice, *s.* 609.

The exceptions to the order of May 7, 1964 are overruled.

*Plaintiff's exceptions overruled;*
*defendant's exceptions sustained*
*in part; remanded.*

All concurred.