Strafford,
No. 5686.

YEE CHUN HELEN KUO

*v.*

SHAN SUN KUO.

Argued November 8, 1967.
Decided January 30, 1968.

*Burns, Bryant, Hinchey & Nadeau* and *Ross V. Deachman*
( *Mr. Deachman* orally ), for the plaintiff.

*Arthur J. Reinhart* ( by brief and orally ), for the defendant.

DUNCAN, J. Examination of the transcript discloses its adequacy to support the finding of the existence of cause for the legal separation granted. Similarly the Court could properly find that the cause arose while the parties were domiciled in this state ( RSA 458:6 ) and that it was in existence at the time of the filing of the petition. RSA 458:8.

Evidence of cruelty or other misconduct by the defendant before the parties came to New Hampshire was properly received to explain the plaintiff's apprehension concerning the defendant's conduct toward her while they were domiciled here. Contrary to the suggestion of the defendant's brief, the evidence of conduct injurious to health was not confined to "one selected instance."

The testimony presented issues of fact which were peculiarly for the Trial Court ( *Morgan* v. *Morgan*, 101 N. H. 470, 471 ) whose determination is binding here, since there was evidence to support it. *Szulc* v. *Szulc*, 96 N. H. 190; *Buck* v. *Buck*, 97 N. H. 178; *Kotarba* v. *Kotarba*, 97 N. H. 252.

Much of the extended hearing was devoted to examination of the assets of the parties, with respect to which the Court ordered a division of property. The defendant has questioned the order for allowance toward the fees of plaintiff's counsel. Although the authority of the Court to make such an order does not appear to us to be questionable, it is to be exercised with reasonable restraint. RSA 458:27; RSA 458:19; *Guay* v. *Association*, 87

N. H. 216, 222; *Veino* v. *Veino,* 96 N. H. 439, 441. See, *Salito* v. *Salito,* 107 N. H. 77.

The record discloses no error, and the order is

*Exceptions overruled.*

All concurred.