Strafford
No. 6251a

### WALTER A. CALDERWOOD

v.

### DOROTHY A. CALDERWOOD

October 31, 1974

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally) for Walter A. Calderwood.

*Devine, Millimet, Stahl & Branch* and *James E. Townsend* and *Richard E. Galway, Jr. (Mr. Galway* orally) for Dorothy A. Calderwood.

DUNCAN, J. This case comes to the court upon the exceptions of Walter A. Calderwood to an order of the Superior Court (*Flynn,* J.), requiring him to appear to give his deposition concerning his present financial status in connection with the petition of his former wife, Dorothy A. Calderwood, under RSA 458:19 for extension of an order for her support. On an earlier transfer of the case, involving Walter's efforts to secure Dorothy's deposition, it was noted that the "evident

legislative purpose of the three-year provision of RSA 458:19 is to provide a periodic review of the needs and resources of the parties". *Calderwood v. Calderwood,* 112 N.H. 355, 358, 296 A.2d 910, 912 (1972).

At the hearing upon this petition to take Walter's deposition, he resisted entry of the order made by offering the trial court his assurance that his financial circumstances are such that he can comply with whatever order may be entered; and by contending that Dorothy may thereby be relieved of the burden of establishing his ability to pay (*Taylor v. Taylor,* 108 N.H. 193, 195, 230 A.2d 737, 739 (1967)), thus simplifying the issues. In response, Dorothy's counsel asserted that she is concerned that Walter may not maintain his ability to comply with an extended order in the future, or may seek to place his assets beyond her reach.

In the light of objection by Walter to disclosure of his present circumstances to his former wife and thereby allegedly to members of the public, the order of the trial court provided that use of any information provided on deposition "shall be strictly confidential", and that the contents of the deposition shall not be disclosed by Dorothy's counsel to her or to others, except upon further order of the court. In response to another motion by Dorothy for reasonable attorney's fees in connection with the prior transfer "and all subsequent appeals" the trial court ruled, subject to exception, that "it has the inherent power to award counsel fees in its discretion in this post-divorce proceeding in the interest of justice".

With respect to the first issue presented, it is acknowledged that Dorothy's petition seeks a second extension of support payments "so as to maintain Dorothy at the economic level that she enjoyed during her marriage, with due consideration for the current economic situation". Hence we are not concerned with a contention that she is entitled to share in any windfall or post-divorce prosperity which may have come to Walter since the divorce was granted, in 1965. *See Arnold v. Arnold,* 332 Ill. App. 586, 76 N.E.2d 335 (1945); *Kaiser v. Kaiser,* 290 Minn. 173, 186 N.E.2d 578 (1971). *See also* H. Clark, Law of Domestic Relations § 14.9, at 460-61 (1968).

"Under our statute, alimony is primarily 'an allowance for

the support of the wife, which, under the circumstances it is considered, she ought not to be required to take at the husband's house.' *Morrison v. Morrison,* 49 N.H. 69, 73 (1869)." *Kennard v. Kennard,* 87 N.H. 320, 327, 179 A. 414, 419 (1935). The purpose of an order for support is "not to provide . . . a life-time profit-sharing plan" for the wife. H. Clark, Law of Domestic Relations § 14.9, at 460 (1968). As noted in *Madsen v. Madsen,* 111 N.H. 315, 282 A.2d 667 (1971), the enactment of RSA 458:19 suggests that in appropriate cases a limited period of time for support of a wife where no children are involved will be adequate to enable her to establish her own source of income.

Most commonly, the husband's ability to pay is a vital factor to be considered by the court, and "in many of these cases, the financial productivity of the parties is not sufficient to meet the needs of everyone." *Fortuna v. Fortuna,* 103 N.H. 547, 550, 176 A.2d 708, 710 (1961); *Madsen v. Madsen,* 109 N.H. 457, 255 A.2d 604, 605 (1969). On her petition for an extension of the order, Dorothy has the burden of establishing Walter's ability to continue payment *(Taylor v. Taylor,* 108 N.H. 193, 230 A.2d 737 (1967); *Morphy v. Morphy,* 114 N.H. 86, 315 A.2d 631 (1974)), as well as that of showing that justice requires an extension. *Madsen v. Madsen,* 111 N.H. 315, 316, 282 A.2d 667, 668 (1971). The guidelines for determination of the amount of any allowance, as the trial court and parties appear to recognize, include consideration of the social standing or station in life enjoyed by Dorothy at the time of the divorce. 24 Am. Jur. 2d *Divorce and Separation* §§ 635, 679 (1966); Annot., 18 A.L.R.2d 10, § 7, at 29 (1951).

Since Dorothy concededly is not entitled to share in any new prosperity enjoyed by her former husband, any improvement in his financial condition since the divorce is irrelevant. The particulars of his present financial status are likewise irrelevant, if in fact he can and will comply with any order made, since his obligation may then be determined solely with reference to what justice requires that Dorothy should receive. *See Sawyer v. Boufford,* 113 N.H. 627, 312 A.2d 693 (1973); *Farnum v. Bristol-Myers Co.,* 107 N.H. 165, 167, 219 A.2d 277, 279 (1966); *Hardware Mutual Cas. Co. v. Hopkins,* 105 N.H. 231, 196 A.2d 66 (1963); *cf. Comer v. Comer,* 110 N.H. 505, 272 A.2d 586 (1970).

On the other hand, neither the court nor Walter's former wife is required to accept in substitution for proof, his bare assertion that any order made will be complied with. The record of past recalcitrance in complying with the prior order does not encourage confidence in the future. In order to guarantee compliance with any extension of the support order found to be appropriate, Walter should furnish suitable security for such compliance, thereby guarding against extravagance or default at Dorothy's expense. *See* RSA 458:21; *Guggenheimer v. Guggenheimer,* 99 N.H. 399, 112 A.2d 61 (1955). Accordingly, the order for the taking of Walter's deposition should be vacated provided that he furnish security in such amount and within such time as the trial court shall determine; otherwise the order will stand, and Walter's exception is overruled.

The trial court's ruling that it has "inherent power to award counsel fees in its discretion", subject to evidentiary hearing, was broader than warranted by the authorities. To the extent that services of counsel were rendered in contempt proceedings, an allowance for counsel fees would fall within the recognized class of cases where enforcement of judicial authority is at stake. *Guay v. Association,* 87 N.H. 216, 221, 177 A. 409, 413 (1935); *see Barber v. Company,* 80 N.H. 507, 511-12, 120 A. 80, 85-86 (1923).

The statutory authority contained in RSA 458:19, "before or after the decree [of divorce to] make such orders and use such process as may be necessary" has been considered in practice to be limited, but to permit a wife's obligation for counsel fees incurred in the proceedings to be taken into account in the award of alimony. *Guay v. Association,* 87 N.H. 216, 222, 177 A. 409, 413 (1935). We consider that the court's discretion with respect to extension of support orders under RSA 458:19 permits it to take into account, as an element of the wife's needs, her obligation for counsel fees in post-divorce proceedings. *See* Annot., 15 A.L.R.2d 1252 (1951). In deference to the finality of the divorce decree, however, as well as to the underlying intent of RSA 458:19 that the parties develop independent economic lives, that discretion should be exercised with reasonable restraint. *Kuo v. Kuo,* 108 N.H. 460, 461, 237 A.2d 690, 691 (1968); *see*

*Salito v. Salito,* 107 N.H. 77, 217 A.2d 181 (1966): "In this state . . . the wife cannot demand a shifting galaxy of legal talent at her husband's expense."

*Remanded.*

GRIMES, J., and GRIFFITH, J., did not sit; the others concurred.