Belknap
No. 88-305

KAREN E. INDORF

v.

RONALD P. INDORF

July 27, 1989

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *Michael D. Urban* on the brief), by brief for the plaintiff.

*Ronald P. Indorf*, of Somersworth, by brief, *pro se.*

## MEMORANDUM OPINION

BROCK, C.J. The defendant, Ronald P. Indorf, appeals from an order of the Superior Court (*Dickson*, J.) awarding attorney's fees to the plaintiff, Karen E. Indorf, upon denial of the defendant's petition for modification of the parties' divorce decree. We affirm.

On September 23, 1982, the parties were divorced and awarded joint legal custody of their two minor children. Under the divorce decree, the defendant was obligated to pay the plaintiff alimony and child support payments on a weekly basis. He also agreed to pay the plaintiff an annual lump sum, not to exceed $3,000 a year, representing a percentage of his income above a certain amount, until the plaintiff remarried or the children became emancipated, discontinued their education, or reached the age of nineteen.

In January, 1987, the defendant filed a petition to modify the decree, alleging that changed circumstances, including his remarriage and resulting financial responsibility for three stepchildren, had substantially increased his expenses. He further alleged that the plaintiff was less dependent on his financial support and therefore requested that the court reduce his alimony and child support obligations and terminate the lump sum payments.

The plaintiff answered the petition, denying that her financial situation had improved, and requested that the court deny the petition and order the defendant to pay her attorney's fees. Both parties submitted financial affidavits before the hearing. According to his affidavit, the defendant had $151,500 in assets, $41,000 of which were liquid, as well as monthly income of $4,015 and monthly expenses of $4,783. According to the plaintiff's affidavit, she had $64,500 in assets, $10,000 of which were liquid, as well as monthly income of $2,360 and monthly expenses of $2,756.

Following a hearing, the court denied the defendant's petition and granted all of the plaintiff's requests for findings of fact and rulings of law. Among these requested findings were the following:

"7. Mr. Indorf has the financial ability to pay the present level of support without difficulty.

"8. Mrs. Indorf continues to be in need of the present level of support payments in order to maintain a reasonable standard of living.

. . .

"12. In view of the fact that Mr. Indorf is an attorney proceeding Pro Se, and Mrs. Indorf has little disposable income, it is fair and equitable that Mr. Indorf be ordered to reimburse Mrs. Indorf for the legal fees incurred as a result of this proceeding."

The defendant filed a motion for reconsideration, asserting that the court abused its discretion in awarding the plaintiff attorney's fees. The court denied the motion, reiterating its conclusion that the defendant's petition for modification was without merit. The court further found that while the defendant had a "right to access to the Court," he had "subjected the plaintiff to considerable expense." The court concluded that the award of fees was justified because the plaintiff's "budget is a tight one and clearly demonstrates need on her part," and because "the financial posture of the defendant demonstrates his ability to pay." The defendant then appealed the award of attorney's fees. Along with her brief, the plaintiff filed a motion in this court for double costs, interest, and attorney's fees pursuant to RSA 490:14-a and Supreme Court Rule 23, asserting that the defendant's appeal was frivolous and immaterial.

As an exception to the general rule that parties pay their own counsel fees, *see Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977), New Hampshire has long recognized that the trial court has the discretion to award a party attorney's fees in a divorce proceeding, *Guay v. Association*, 87 N.H. 216, 222, 177 A. 409, 413 (1935). Nevertheless, courts must exercise this discretion with reasonable restraint. *Kuo v. Kuo*, 108 N.H. 460, 461, 237 A.2d 690, 691 (1968). We have more specifically indicated that in divorce cases trial courts may award attorney's fees if they find "need on the part of [one party] and ability to pay on the part of the [other]." *Salito v. Salito*, 107 N.H. 77, 78, 217 A.2d 181, 183 (1966). We will not overturn the trial judge's decision to award attorney's fees in a divorce proceeding absent a showing that the court abused its discretion. *See Grandmaison v. Grandmaison*, 119 N.H. 268, 270–72, 401 A.2d 1057, 1058–59 (1979).

While the record before us does not reveal a model case for the award of attorney's fees, we cannot say that the court abused its discretion. The court applied the proper rule of law and

determined that the plaintiff needed the award and that the defendant had the ability to pay it. The defendant has not demonstrated any error in the court's factual findings.

 Because the defendant's appeal was neither frivolous nor taken in bad faith, we deny the plaintiff's motion for double costs, interest, and attorney's fees on appeal. RSA 490:14-a; Sup. Ct. R. 23.

*Affirmed.*

All concurred.