Rockingham
No. 93-304

NORMAN C. DEPALANTINO

v.

JANICE M. DEPALANTINO

May 26, 1995

*Shaines & McEachern, P.A.,* of Portsmouth (*Paul McEachern* and *Susannah Colt* on the brief, and *Mr. McEachern* orally), for the plaintiff.

*Morse Law Office,* of Exeter (*Lynn D. Morse* on the brief and orally), for the defendant.

THAYER, J. The plaintiff, Norman C. DePalantino, appeals an order of the Superior Court (*Gray,* J.) modifying the property settlement contained in his 1989 divorce decree and awarding the defendant, Janice M. DePalantino, an interest in his military pension. We reverse.

The parties originally married in 1972. They were divorced in 1978, then remarried in 1979. Ultimately, the parties again divorced in 1989. In 1992, the defendant sought to reopen and set aside the property settlement from their second divorce on the bases that property of the marriage, namely, her ex-husband's military pension, had not been distributed, and alternatively that the original property settlement was the result of fraud, misrepresentation, or deceit on the part of the plaintiff. The court denied the motion to reopen and set aside but granted the defendant a hearing on the question of her entitlement to a portion of the plaintiff's military pension.

Following the hearing, the Superior Court (*Gray,* J.) approved the Master's (*Stephanie T. Nute,* Esq.) findings. The master found that the defendant had not demonstrated by a preponderance of the evidence that the plaintiff willfully and deliberately misrepresented facts to her relative to his pension, but that the defendant was entitled to a percentage of those benefits and attorney's fees and costs. Following a motion for reconsideration, the master amended her findings regarding misrepresentation, stating that

> the Plaintiff did misrepresent facts about the Defendant's entitlement to his pension, specifically the representation that the Defendant was not entitled to his pension because the parties had not been married for any single period of ten years

> or more, which the Plaintiff knew or could have known was not correct. It was primarily his representation that the Defendant relied upon in not pursuing the issue at the time of the divorce.

The master further stated that the decree did not constitute a modification of the original property settlement because the original decree was silent as to the issue of any pension or retirement plan.

The plaintiff argues that the master erred as a matter of law in awarding the defendant an interest in his military pension. Specifically, he argues that the master's findings regarding misrepresentation are unsupported by the evidence, and that absent such a finding, the court was unable to alter the property settlement. We agree.

■ We will affirm the findings and rulings of a marital master unless they are unsupported by the evidence or are legally erroneous. *Giles v. Giles,* 136 N.H. 540, 547, 618 A.2d 286, 291 (1992). The courts do not retain continuing jurisdiction over property distributions or stipulations and therefore can only modify such decrees upon a showing that the distribution is invalid due to fraud, undue influence, deceit, misrepresentation, or mutual mistake. *See Leary v. Leary,* 137 N.H. 161, 165, 623 A.2d 1346, 1348 (1993).

In this case, the relevant misrepresentations consist of statements allegedly made by the plaintiff to the defendant regarding her eligibility to claim part of his pension benefits. Specifically, the defendant testified that at the time of the parties' second divorce she was not aware that she was legally entitled to an interest in her husband's military pension. She also testified that the plaintiff had informed her that she was not entitled to a portion of that pension because they had not been married for the required period of time.

■ Assuming that the plaintiff made these statements, as a matter of law they are insufficient to justify a modification of the property settlement. The statements constitute no more than the plaintiff's opinion regarding the status of the law. Under certain circumstances, an opinion may constitute the basis of fraud or misrepresentation. *See, e.g., Shafmaster v. Shafmaster,* 138 N.H. 460, 464, 642 A.2d 1361, 1365 (1994) (opinion regarding value); *Eno Brick Co. v. Barber-Greene Co.,* 109 N.H. 156, 158, 245 A.2d 545, 547 (1968) (opinion given by an expert in a matter requiring particular skill or knowledge). Opinions regarding the status or interpretation of the law, however, generally will not provide the basis for an action for fraud or misrepresentation. *See* 37 Am. Jur. 2d *Fraud and Deceit* § 73 (1968). This is particularly true where the statement was made by a non-lawyer who was also an adverse party in a pending action.

The defendant also argues that the plaintiff had a duty to make full disclosure regarding his pension on his financial affidavit, that the plaintiff's responses were inadequate, and as a result she was misled. The plaintiff had a duty to complete the information required in his financial affidavit, *see MacDonald v. MacDonald*, 122 N.H. 339, 342, 433 A.2d 1017, 1018 (1982), and he testified that he complied to the best of his ability. In response to the question of whether his pension was vested, he answered "no," which both parties concede is correct. His failure to list the other requested information, such as the surrender value and death benefits, was not a misrepresentation given the plaintiff's belief that at the time of the divorce these values were zero.

The defendant argues that the pension constitutes undistributed marital property and therefore no finding of fraud, undue influence, deceit, misrepresentation, or mutual mistake was required to consider the disbursement of the plaintiff's pension. We disagree. Both parties knew of the existence of the pension at the time of the divorce. *Cf. Jones v. Jones*, 759 S.W.2d 42, 44 (Ark. Ct. App. 1988). Additionally, both parties testified that they were aware of federal law that allowed States to distribute military pensions as property in a divorce settlement. The parties' stipulation that was included in the divorce decree makes no mention of the pension, and the defendant never appealed from that order. This is not a case where an asset was undisclosed or unknown at the time of disposition. The defendant knew the property existed, but simply made no claim of entitlement. That she was unaware of the full extent of her legal rights regarding the property is immaterial in this case. She had the opportunity to obtain legal counsel at the time and could have had her rights to the pension adjudicated. Accordingly, the trial court erred in reopening the property division on the grounds alleged by the defendant.

The plaintiff also appeals the trial court's award of attorney's fees and costs to the defendant. "An award of attorney's fees . . . must be grounded upon statutory authorization, an agreement between the parties, or an established exception to the rule that each party is responsible for paying his or her own counsel fees." *Clipper Affiliates v. Checovich*, 138 N.H. 271, 278, 638 A.2d 791, 796 (1994) (quotation and brackets omitted). Exceptions include situations

> where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established; where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct; as compensation for those who are forced to litigate in order to enjoy what a court has

already decreed; and for those who are forced to litigate against an opponent whose position is patently unreasonable.

*Id.* (citations, quotations and brackets omitted). We also have previously recognized that an exception may exist in divorce cases and that "the trial court has the discretion to award a party attorney's fees in a divorce proceeding." *Indorf v. Indorf,* 132 N.H. 45, 47, 561 A.2d 241, 242 (1989). This discretion may be exercised when the trial court has found "need on the part of one party and ability to pay on the part of the other." *Id.*

█ We give great deference to a trial court's rulings regarding attorney's fees. *Adams v. Bradshaw,* 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), *cert. denied,* 112 S. Ct. 1560 (1992). In this case, however, as we have overturned the defendant's favorable ruling and because the trial court made no finding of need on the part of the defendant or ability to pay on the part of the plaintiff and identified no other justification for the award of attorney's fees, we find that the trial court abused its discretion in awarding the defendant attorney's fees and costs.

*Reversed.*

All concurred.