Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| PABLO GARCÍA TORRES<br><br>RECURRIDO<br><br>v.<br><br>EDWIN GONZÁLEZ PAEZ<br><br>PETICIONARIO | KLCE202500347 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV06670<br><br>Sobre: Cobro de Dinero; Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2025.

### I.

El 7 de abril de 2025, el señor Edwin González Páez (el señor González Páez o peticionario) presentó el recurso *Petición de Certiorari* en el que solicitó que revoquemos la *Resolución* emitida el 12 de febrero de 2025 y notificada digitalmente el 13 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) debido a que el TPI impuso una orden protectora en favor del señor Pablo García Torres (el señor García Torres o recurrido) para que este no le provea al peticionario las Planillas de Contribución sobre Ingresos del año 2020 ni las Planillas de Contribución sobre Ingresos y sobre la propiedad mueble de la corporación LF Athletics, Inc., durante el descubrimiento de prueba.[2]

---

[1] Ver Orden Administrativa OATA-2025-052 del 10 de abril de 2025.
[2] Apéndice de la Petición de *Certiorari*, págs. 39-42.

El 11 de abril de 2025, emitimos una *Resolución* en la que le concedimos al recurrido un término de diez (10) días para que presente su oposición a la expedición del auto de *certiorari.*

El 24 de abril de 2025, el señor García Torres presentó *Oposición a que se expida auto de certiorari* en la que sostuvo que no se configuran los elementos para expedir el auto de *certiorari* por lo que no procede su expedición.

Contando con el beneficio de la comparecencia de ambas partes, damos por perfeccionado el presente recurso. En aras de resolver el mismo, pormenorizamos el trasfondo procesal y fáctico del caso.

**II.**

El caso de marras tuvo su génesis el 12 de julio de 2023 cuando el señor García Torres presentó la *Demanda* en la que sostuvo que el 3 de febrero de 2020, suscribió un contrato de compraventa con el peticionario para que el señor González Páez adquiriera el negocio La Fabrica Fitness Center por el monto de noventa mil dólares ($90,000.00).[3] Se desprende de la *Demanda* que el peticionario debía realizar doce (12) pagos mensuales por la cuantía de ocho mil doscientos dólares ($8,200.00) para el saldo de la compraventa. Cónsono con lo anterior, el recurrido alegó que el señor González Páez ha incumplido con varios pagos mensuales, constituyendo una deuda de cincuenta siete mil cien dólares ($57,100.00) en adición al diez por ciento (10%) de interés pactado.

El 2 de noviembre de 2023, el señor González Páez radicó la *Contestación a la demanda y Reconvención* en la que negó que le adeudaba la suma de dinero reclamada por el recurrido.[4] A su vez, el peticionario reclamó que el contrato era nulo debido a que el negocio conocido como La Fabrica Fitness no le pertenecía al señor

---

[3] Íd., págs. 1-2.
[4] Íd., págs. 3-10.

García Torres toda vez que pertenece a Panaco Developers Inc., quien le arrendaba las facilidades de gimnasio a LF Athletics, Inc. Por tanto, en la *Demanda* presentada debía incluirse a Panaco Developers Inc., y LF Athletics, Inc. como partes indispensables en el pleito. Además, el señor González Páez presentó una *Reconvención* en la que reclamó que el recurrido le debía devolver la cantidad de treinta dos mil novecientos dólares ($32,900.00) en concepto del monto pagado para adquirir el inmueble en controversia en virtud de que el contrato era nulo por su consentimiento ser viciado.

El 13 de noviembre de 2023, el señor García Torres presentó la *Réplica a reconvención* en la que aclaró que era el dueño de LF Athletics y de La Fabrica Fitness.[5] Además, aclaró que el contrato de compraventa era con relación a las "llaves" del gimnasio y no el inmueble. En fin, negó las alegaciones formuladas por el peticionario en su contra.

Tras varios trámites procesales, el 7 de marzo de 2024, se celebró la *Conferencia Inicial* en el que el TPI le concedió a las partes hasta el 15 de agosto de 2024, para culminar con el descubrimiento de prueba.[6]

Durante el descubrimiento de prueba, el 30 de octubre de 2024, el señor González Páez radicó *Moción en cumplimiento de orden y sobre otros extremos* en la que informó la recalendarización de las deposiciones de unos testigos.[7] Asimismo, indicó que estaba pendiente a la producción de varios documentos que le solicitó al recurrido durante la toma de su deposición.

El 31 de octubre de 2025, el foro primario emitió una *Orden* en la que le ordenó a las partes que presentaran una *Moción conjunta* actualizando el estado de los procedimientos.[8] A su vez, el TPI le

---

[5] Íd., págs. 11-13.
[6] Véase la Anotación Judicial Núm. 25 del expediente digital del caso en el Sistema Unificado de Manejo de Caso (SUMAC).
[7] Apéndice de la Petición de *Certiorari*, pág. 26.
[8] Íd., *Orden*, pág. 23.

concedió a las partes hasta el 30 de diciembre de 2024 para presentar la *Moción* ordenada.

El 13 de diciembre de 2024, el peticionario y el señor García Torres presentaron en conjunto *Moción Informativa y en Cumplimiento de Orden* en la que notificaron que solo resta que el recurrido le entregue al señor González Páez su Planilla de Contribución Sobre Ingresos del año 2020.[9] Por su parte, el señor González Páez informó que anejó la *Moción interesando orden dirigida al Departamento de Hacienda de Puerto Rico y el Municipio Autónomo de San Juan*[10] en la que solicitó que el foro primario emitiera una *Orden* dirigida al Departamento de Hacienda para obtener las Planillas de Contribución sobre Ingresos de la corporación LF Athletics correspondientes a los años 2014 al 2020. Además, el peticionario le requirió al TPI que emitiera una *Orden* en su favor para que el Municipio de San Juan le provea las Planillas sobre contribución mueble de la corporación. Asimismo, el peticionario indicó que le interesaba deponer al contable de la compañía, Juan García Merced, luego de que obtuviera las planillas solicitadas ante el Departamento de Hacienda y el Municipio de San Juan.

Ese mismo día, el foro primario emitió y notificó una *Orden* en la que resolvió que procedía que el Departamento de Hacienda entregara las planillas solicitadas por el peticionario.[11] Asimismo, emitió y notificó otra *Orden* en la que decretó que el Municipio Autónomo de San Juan entregara las planillas de contribución del mueble requeridas por el peticionario.

El 16 de diciembre de 2024, el TPI emitió y notificó una *Orden* en la que le concedió a las partes el término de veinte (20) días para

---

[9] Véase la Anotación Judicial Núm. 37 del expediente digital del caso en SUMAC.
[10] Véase la Anotación Judicial Núm. 36 del expediente digital del caso en SUMAC.
[11] Véase la Anotación Judicial Núm. 36 del expediente digital del caso en SUMAC.

informar la fecha de la deposición del contable Juan García Merced.[12]

Simultáneamente, el foro primario emitió y notificó una *Orden* en la que le concedió al recurrido el término de diez (10) días para expresarse en torno a la toma de deposición de su contable.[13]

El 26 de diciembre de 2024, el señor García Torres radicó *Moción en cumplimiento de orden* en la que expresó su oposición en que este sujeta a descubrimiento de prueba: su Planilla de Contribución sobre Ingreso correspondiente del año 2020, la producción de las Planillas de Contribución sobre Ingreso de la corporación LF Athletics, Inc. de los años 2014 al 2020, las Planillas sobre contribución mueble de la referida corporación y deponer al contable Juan García Merced.[14] El recurrido indicó que la información solicitada por el señor González Páez no tiene pertinencia con las alegaciones contenidas en la *Reconvención* y el contrato de compraventa. Además, resaltó que el peticionario no puede deponer al CPA de la compañía toda vez que existe el privilegio de contable y cliente conforme la Regla 505 de Evidencia, 32 LPRA Ap. VI, R. 505. Consecuentemente, el recurrido solicitó que se emitiera una orden protectora y no se lleve a cabo el descubrimiento de prueba sobre la información solicitada, aquí en controversia.

El 27 de diciembre de 2024, el señor González Páez presentó *Réplica y Oposición a moción en cumplimiento de orden* en la que ripostó que es contraria a la actuación del recurrido en haber provisto la Planilla de Contribución sobre Ingresos correspondiente al año 2019.[15] Además, la Planilla de Contribución sobre Ingresos del señor García Torres, correspondiente al año 2020, era pertinente

---

[12] Véase la Anotación Judicial Núm. 38 del expediente digital del caso en SUMAC.

[13] Véase la Anotación Judicial Núm. 39 del expediente digital del caso en SUMAC.

[14] Apéndice de la Petición de *Certiorari*, págs. 28-32.

[15] Íd., 34-38.

para confirmar que el recurrido recibió los pagos para el saldo de la compraventa del negocio La Fabrica Fitness. Por tanto, la presentación de las Planilla de Contribución sobre Ingresos era relevante a los efectos de la credibilidad del recurrido.

El 12 de febrero de 2025, el TPI emitió y notificó digitalmente el 13 de febrero de 2025, una *Resolución* en la que le concedió al recurrido la orden protectora solicitada. [16] Además, el foro primario resolvió que no hay pertinencia en presentar las Planillas de Contribución sobre Ingresos en relación con la acción de cobro de dinero y nulidad de contrato presentada por el peticionario. Asimismo, el foro primario razonó que la información solicitada no procede toda vez que no existe una cláusula en el contrato de compraventa relacionada a la situación financiera del recurrido.

El 27 de febrero de 2025, el señor González Páez radicó la *Moción de reconsideración de resolución de 12 de febrero de 2025, notificada el 13 de febrero de 2025* en la que solicitó que el foro primario reconsidere su determinación en virtud de que existe pertinencia en la información solicitada y la controversia.[17]

El 13 de marzo de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar la *Moción de Reconsideración.*[18]

Inconforme con la determinación, el señor González Páez recurrió ante este tribunal e imputó los siguientes errores al TPI:

> Primer error: Erró el Honorable Tribunal de Primera Instancia al interpretar el concepto de pertinencia restrictivamente a pesar de que la jurisprudencia ha reiterado que dicho concepto debe ser interpretado en términos amplios.
>
> Segundo error: Erró el Honorable Tribunal de Primera Instancia al limitar el descubrimiento de pruebas amplio y liberal a Edwin a pesar de que la información solicitada está razonablemente relacionada con las defensas afirmativas levantadas y las alegaciones de la reconvención.
>
> Tercer error: Erró el Honorable Tribunal de Primera Instancia al expedir una orden protectora a favor de la parte recurrida en cuanto a una solicitud de Edwin para obtener copia de su

---

[16] Íd., págs. 39-42.
[17] Íd., págs. 44-50.
[18] Íd., pág. 51.

Planilla de Contribución sobre Ingresos del año 2020, a pesar de haber producido su planilla del año 2019 en la cual no reportó los ingresos y habiéndose otorgado el contrato en cuestión en el año 2020.

Cuarto error: Erró el Honorable Tribunal de Primera Instancia al expedir una orden protectora a favor de la parte recurrida en cuanto a las Planillas de Contribución sobre Ingresos y sobre la propiedad mueble de la corporación LF Athletics Inc., arrendataria y propietaria del gimnasio objeto de la alegada compraventa, aun cuando la corporación está disuelta desde el año 2020 y cuando forma parte del contrato.

Quinto error: Erró el Honorable Tribunal de Primera Instancia al denegar en su totalidad la expedición de las planillas sin tan siquiera considerar la implementación de medidas protectoras para establecer el equilibrio necesario entre el derecho al descubrimiento de Edwin y los reclamos infundados de la parte recurrida.

En síntesis, el peticionario arguyó que debemos expedir el auto de *certiorari* puesto que el foro primario abusó de su discreción en emitir una orden protectora para que el recurrido no supliera su Planilla de Contribución sobre Ingresos y las Planillas de Contribución sobre Ingresos de la corporación LF Athletics. Cónsono con lo anterior, el señor González Páez sostuvo que era pertinente la referida documentación financiera para demostrar las falsas representaciones del recurrido.

El 24 de abril de 2025, el señor García Torres presentó la *Oposición a que se expida auto de certiorari* en la que insistió que no debemos expedir el auto de *certiorari* toda vez que no hay pertinencia en presentar las diversas Planillas de Contribución sobre Ingresos del recurrido y la corporación JF Athletics Inc, para demostrar que hubo el alegado incumplimiento contractual. Por lo que la decisión del foro recurrido es correcta en derecho.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia

un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[19] ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.***, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario v. McNeill Healthcare LLC,*** *supra*. En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver

---

[19] Esta Regla dispone que:
> [....]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[20]

**B.**

La Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1, establece que,

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
> (a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

---

[20] Esta Regla dispone lo siguiente:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

El descubrimiento de prueba debe ser interpretado en términos amplios. ***General Electric v. Concessionaries, Inc.***, 118 D.P.R. 32, 40 (1986); ***Alfonso Bru v. Trane Export, Inc.***, 155 DPR 158, 168 (2001). No obstante, existen dos limitaciones al descubrimiento de prueba: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia que ha de descubrirse tiene que ser pertinente al asunto en controversia. ***Alfonso Bru v. Trane Export, Inc***, supra, pág. 168. Ahora bien, en acciones de cobro de dinero se ha negado el descubrimiento de prueba relacionado con informacion sobre las transacciones económicas de deudor con terceros cuando esa informacion no es pertinente o no está relacionada con la causa de acción. ***General Electric v. Concessionaries, Inc.***, supra, pág. 41. Cuando la condición económica de la parte no es elemento de la reclamación o se estipuló la suficiencia de dicha situación económica, tampoco procede ese descubrimiento. ***General Electric v. Concessionaries, Inc.***, supra, pág. 42; ***Calderwood v. Calderwood***, 327 A.2d 704, 706 (N.H. 1974). El descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando esté en controversia. ***General Electric v. Concessionaries, Inc.***, supra, pág. 43. No obstante, cuando la condición económica este en controversia, el tribunal podrá limitarlo a aquello que sea estrictamente necesario. Íd.

**IV.**

En el recurso de marras, el peticionario impugna una *Resolución* del TPI en la que emitió una orden protectora para limitar el descubrimiento de prueba con respecto a las Planillas de Contribución de Ingresos del recurrido y de la corporación LF Athletics, así como la planilla sobre la propiedad mueble de la corporación. El foro primario resolvió que la información financiera

del señor García Torres y de la corporación LF Athletics era impertinente en virtud de que en el contrato de compraventa no consta una cláusula relacionada a la situación financiera del recurrido y la referida corporación.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, supra, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI. Un examen sosegado del expediente del caso ante nuestra consideración y de la determinación recurrida, no arroja error alguno que amerite nuestra intervención. Por el contrario, el foro primario cumplió con la normativa vigente en cuanto a que no se permite el descubrimiento de prueba de la información financiera de una de las partes, de no estar en controversia la situación financiera de dicha parte.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones